RECEIVED
AND FILED

MAR 19 2026    DLS

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
RajMarni@Gmail.Com
+1-725-200-2010
*Pro Se* Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy No: 20-13238-mkn |
| RAJ MARNI | Chapter: 7 |
| Debtor. | |
| RAJ MARNI | Adversary Proceedings No: 26-01002-mkn |
| Plaintiff | |
| | Hearing Date: March 25, 2026 |
| v. | Hearing Time: 9:30 a.m. P.T. |
| CHRISTIN L. GEORGELAS, ESQ., Individually and as Member/Manager and Registered Agent of SG Law PLC, | PLAINTIFF'S MOTION FOR SANCTIONS UNDER FRBP 9011 AGAINST DEFENDANT LIFESTYLE ASSOCIATES. LLC AND ITS COUNSEL DANIEL A. MANN ESQ., AND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION TO STRIKE ECF NO. 15 AND REQUEST FOR ENTRY OF DEFAULT. |
| RYAN M. SCHMALZLE, ESQ., Individually and a Member of SG Law PLC, | |
| MEGAN L. HOUCK, ESQ., Individually and Associate of SG Law PLC, | |
| SG Law PLC (Entity ID: 11441703), A Virginia Limited Liability Company | |
| KSENIJA TRDIC, Individually and as Member and Manager of Lifestyle Associates, LLC | |
| LIFESTYLE ASSOCIATES, LLC Entity ID: S1674904 A Virginia Limited Liability Company | |
| Defendants. | |

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

<u>**PLAINTIFF'S MOTION FOR SANCTIONS UNDER FRBP 9011 AGAINST DEFENDANT LIFESTYLE ASSOCIATES, LLC AND ITS COUNSEL DANIEL A. MANN, ESQ. (CYPRESS LAW, PLLC); AND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION TO STRIKE ECF NO. 15 AND REQUEST FOR ENTRY OF DEFAULT**</u>

**(Filed without waiver of pending motion to strike)**

## I. INTRODUCTION

Plaintiff Raj Marni ("Plaintiff"), appearing *pro se*, respectfully moves this Court for sanctions against Defendant Lifestyle Associates, LLC's counsel, Daniel A. Mann, Esq. ("Mr. Mann") of Cypress Law, PLLC, pursuant to Federal Rule of Bankruptcy Procedure 9011(b), and in further support of Plaintiff's Omnibus Motion to Strike ECF No. 15 and Request for Entry of Default (ECF No. 21).

This Motion is not based on any single clerical error. It is based on a **cumulative, documented pattern of misconduct** that demonstrates ECF No. 15 was assembled from a template without meaningful review, filed with a knowingly false Certificate of Service, and then re-certified with the same false date — **after** forensic evidence proving that falsehood was already before this Court.

The record now contains six independent grounds to strike ECF No. 15 and three separate bases for sanctions under FRBP 9011(b). Each ground is independently sufficient. Together, they establish a pattern of conduct that this Court has both the authority and the obligation to address.

## II. CHRONOLOGICAL TIMELINE OF MISCONDUCT

The following timeline is established entirely by documentary evidence in the record:

**A. February 6, 2026 — ECF No. 15 Filed with Six Defects**

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

At 8:53 p.m. Pacific Time, Mr. Mann filed the Motion to Dismiss (ECF No. 15) on behalf of Defendant Lifestyle Associates, LLC. That filing contained the following defects, each independently fatal:

1. **No concurrent Notice of Hearing.** Local Rule 9014(b)(1) requires the Notice of Hearing to be filed concurrently with the motion. No such Notice was filed on February 6, 2026, or at any time for fourteen days thereafter.

2. **Unsigned and Unexecuted Certificate of Service.** The Certificate of Service on page 9 of ECF No. 15 contains no signature, no date of service, and no attestation that service was actually made — a blank form filed as a completed certification.

3. **No Actual Service on Plaintiff.** Under Local Rule 9036(b), attorneys must serve debtors non-electronically. CM/ECF electronic filing does not constitute service on a Debtor-Plaintiff. Plaintiff received no copy of ECF No. 15 by any means on February 6, 2026 — or at any time during the fourteen days that followed. Service was only attempted on or after February 20, 2026, the day *after* Plaintiff filed his Omnibus Motion to Strike (ECF No. 21) exposing the service failure. This is not a delayed service — it is a reactive service, triggered solely by Plaintiff's Motion. Had Plaintiff remained silent and not filed ECF No. 21, the record compels only one conclusion: Mr. Mann never intended to serve Plaintiff at all. The burden of enforcing this Court's mandatory service rules should not fall on the party those rules are designed to protect.

4. **Conflicting Attorney Contact Information.** Every material field in Mr. Mann's contact information on ECF No. 15 — firm name, address, telephone, and email — conflicts with his official CM/ECF profile registered with this Court. The filing identifies him as affiliated with Cypress Law, PLLC in Mesa, Arizona, while PACER records show Cozen O'Connor in Las Vegas, Nevada.

5. **Impossibility of Declaration Signature.** The Declaration of Ksenija Trdic bears an "/s/" signature stating it was "Executed this 6th day of February, 2026." Ms. Trdic resides in Sterling, Virginia. Mr. Mann filed the document from Mesa, Arizona at 8:53 p.m. Pacific Time on February 6. Under Local Rule 9004(c)(1)(C), an "/s/" signature represents that the originally signed document was in the filing user's physical possession at the time of filing. This is a physical and geographic impossibility.

6. **Misidentification of Party Represented.** On both page 2 and page 8 of ECF No. 15, Mr. Mann's signature block identifies him as "Attorney for Plaintiff." He represents Defendant Lifestyle Associates, LLC — the opposing party. This error appears twice in the same document, confirming the filing was assembled from a template without review.

**B. February 19, 2026 — Plaintiff Files ECF No. 21 Exposing All Six Defects**

Plaintiff filed his Omnibus Motion to Strike ECF No. 15 and Request for Entry of Default, documenting each of the six defects described above and supported by sworn

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Declaration and Exhibits B1 through B5, including PostScan mail logs covering the period February 3 through February 16, 2026, showing zero mail received from Mr. Mann or Cypress Law, PLLC.

**C. February 20, 2026 — Reactive Filing of Belated Notice of Hearing (ECF No. 24)**

The day after Plaintiff filed ECF No. 21, Mr. Mann filed a Notice of Remote Hearing (ECF No. 24) scheduling the Motion to Dismiss for March 25, 2026. This Notice was filed fifteen (15) days after the Motion was filed. Local Rule 9014(b)(1) requires the Notice of Hearing to be filed *concurrently* with the motion. A Notice filed fifteen days later does not satisfy this mandatory requirement and constitutes a judicial admission that no compliant Notice existed at the time of the original filing.

Critically, ECF No. 24's Certificate of Service certifies service by USPS Certified Mail to Plaintiff. The postmark on the envelope received by Plaintiff — documented in ECF No. 29, Exhibit A — proves the mailing originated from Mesa, Arizona (ZIP 97230) on **February 20, 2026**, not February 6, 2026.

**D. February 23, 2026 — PostScan Delivery Confirmation**

Plaintiff's PostScan mail log records confirm that the certified mail package from Cypress Law, PLLC, Daniel Mann, was delivered to Plaintiff's address (Mailbox #4009) on February 23, 2026 — seventeen days after the responsive pleading deadline.

**E. March 3, 2026 — Plaintiff Files ECF No. 29 with Forensic Postmark Evidence**

Plaintiff filed his Notice of Supplemental Facts (ECF No. 29) attaching the Endicia postage label from the envelope received February 23, placing forensic proof

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

of the February 20 mailing date directly on the record. This evidence irrefutably establishes that Mr. Mann's original Certificate of Service — certifying service "on the 6th day of February, 2026" — was factually false.

**F. On or About March 6, 2026 — ECF No. 33 Filed with the Same False Certification Date**

**This is the most critical fact in this Motion.** After Plaintiff had placed the forensic postmark evidence on the record through ECF No. 29, Mr. Mann filed ECF No. 33. The Certificate of Service in ECF No. 33, page 8, again certifies that service was made **"on the 6th day of February, 2026"** via Certified Mail.

This certification is demonstrably and knowingly false. The Endicia postmark proves the certified mail was sent February 20. The PostScan log proves it arrived February 23. Mr. Mann filed Doc 33 with actual knowledge that ECF No. 29 had already placed this forensic proof before the Court — yet he re-certified the false February 6 service date without correction.

This is not a typographical error. It is not template carelessness. It is a **knowing false certification made to this Court after the falsity was already established in the record.**

**G. The March 9 Mailing Constitutes an "Improper Purpose" Under FRBP 9011(b)(1)**

In addition to the false certifications of service, the timing of the Defendant's mailing of ECF No. 33 reveals a clear "improper purpose" in direct violation of Federal Rule of Bankruptcy Procedure 9011(b)(1). See Exhibit A – Declarations & Images.

The undisputed timeline of the record establishes a tactical attempt to suppress Plaintiff's due process:

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

6 of 13

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- March 6, 2026: Defendant filed ECF No. 33, which was set for a hearing on March 11, 2026.

- March 9, 2026: Counsel for Defendant waited until this date to mail the documents to Plaintiff. See Exhibit A Images.

- The Result: By waiting until less than 48 hours before the hearing to initiate service by mail from Mesa, Arizona, to Irvine, California, Counsel ensured it was a physical impossibility for Plaintiff to receive, review, or respond to the filing before the Court convened.

Under FRBP 9011(b)(1), an attorney certifies that a document is not being presented for any improper purpose, such as to "harass, cause unnecessary delay, or needlessly increase the cost of litigation". Mailing a document only two days before a hearing—when that document was already in Counsel's possession for three days—is a textbook example of a "tactical" delay.

This conduct forced the Court to continue the March 11 hearing to March 25, 2026, creating the very "unnecessary delay" the Rule is designed to prevent. Such "gamesmanship" with service deadlines is not a mere clerical oversight; it is a bad-faith effort to gain a litigation advantage by ensuring the opposing party is silenced at the time of the hearing. Consequently, sanctions are not only appropriate but necessary to deter future abuses of the Court's process.

### III. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9011(b) provides that by presenting a signed document to the Court, an attorney certifies that, to the best of their knowledge formed after reasonable inquiry:

1. it is not being presented for any improper purpose;
2. the legal contentions are warranted by existing law; and

3. the factual contentions have evidentiary support.

FRBP 9011(c) authorizes the Court to impose appropriate sanctions on attorneys who violate Rule 9011(b), including monetary sanctions and non-monetary directives. *In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004).

A false certification of service is a violation of FRBP 9011(b)(3), which requires that factual contentions have evidentiary support. Certifying that a document was served "on the 6th day of February, 2026" when forensic evidence proves it was mailed February 20, 2026, is precisely the type of false factual certification Rule 9011 is designed to address. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (courts have inherent authority to sanction bad-faith conduct).

## IV. ARGUMENT

### A. ECF No. 15 Is a Procedural Nullity and Must Be Stricken

A motion that is never properly served on the opposing party is a nullity as to that party, and the opposing party's time to respond cannot begin to run from a filing they have never received. The six independently fatal defects in ECF No. 15 — detailed in ECF No. 21 and incorporated herein by reference — render it a **procedural nullity** that cannot constitute a "pleading or other defense" sufficient to toll the responsive deadline under FRBP 7012(a).

Lifestyle Associates, LLC is a limited liability company. It cannot appear *pro se* and must be represented by counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Its sole filing in this proceeding — ECF No. 15 — is a procedural nullity. There is no valid responsive pleading on the record. Default must be entered.

### B. The False Service Certification in ECF No. 33 Violates FRBP 9011(b)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

The sequence of events is unambiguous:

- The original Certificate of Service in ECF No. 15 certified service "on the 6th day of February, 2026" via Certified Mail.

- ECF No. 29 (filed March 3, 2026) placed forensic proof before the Court — an Endicia postage label proving the certified mail was sent February 20, 2026.

- ECF No. 33 (filed approximately March 6, 2026) again certified service "on the 6th day of February, 2026" via Certified Mail — after ECF No. 29 had already established this date was false.

This is a knowing false statement of fact certified to this Court under FRBP 9011(b). No reasonable attorney, after seeing ECF No. 29's forensic evidence, could certify a February 6 service date in good faith. The re-certification of the false date in ECF No. 33 establishes that Mr. Mann made a bad-faith misrepresentation to this Court.

## C. The Cumulative Pattern Demonstrates Bad Faith

The Ninth Circuit has recognized that a pattern of procedural misconduct — as distinct from any single error — can itself constitute sanctionable conduct. *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). The conduct here is not a single mistake but a sequence:

- Filing a motion without a concurrent Notice of Hearing as required by LR 9014(b)(1);

- Filing a blank, unsigned Certificate of Service;

- Never serving Plaintiff non-electronically as required by LR 9036(b);

- Certifying service on February 6 when the postmark proves February 20;

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

- Filing a declaration with a signature that could not have been in counsel's physical possession at the time of filing;

- Identifying himself as "Attorney for Plaintiff" — twice — in a defense motion; and

- Re-certifying the false February 6 service date in ECF No. 33 after forensic evidence of the true date was already on the record.

Taken together, these are not the hallmarks of a filing made in good faith after reasonable inquiry. They are the hallmarks of a document assembled from a template, filed to create the illusion of a timely response, and then maintained through repeated false certifications — precisely the conduct FRBP 9011 is designed to deter and punish.

## V. RELIEF REQUESTED

**WHEREFORE, Plaintiff Raj Marni respectfully requests that this Court:**

1. **STRIKE** the Motion to Dismiss (ECF No. 15) filed by Defendant Lifestyle Associates, LLC in its entirety, on the grounds that it is a procedural nullity for the six independent reasons set forth in ECF No. 21 and incorporated herein;

2. **ENTER DEFAULT** against Defendant Lifestyle Associates, LLC pursuant to Fed. R. Civ. P. 55(a) (incorporated by Fed. R. Bankr. P. 7055) for failure to timely plead or otherwise defend;

3. **IMPOSE SANCTIONS** on Counsel Daniel A. Mann, Esq. under FRBP 9011(c) for the false certification of service in ECF No. 33, page 8, made with

actual knowledge that the certified date was false, in such form and amount as the Court deems appropriate;

4. **ORDER** Counsel Daniel A. Mann, Esq. to produce, within five (5) days of this Court's Order:

a. The original, handwritten signature page of the Declaration of Ksenija Trdic filed as part of ECF No. 15, together with proof of the date and method of physical transmission from Sterling, Virginia to Mesa, Arizona, including any courier tracking numbers, pursuant to LR 9004(e);

b. Complete electronic transmission logs and the original native email file (.eml or .msg) for any correspondence purportedly serving ECF No. 15 upon Plaintiff, including full internet headers showing the "Message-ID," the originating IP address, and SMTP logs confirming successful delivery to rajmarni@gmail.com, pursuant to FRE 901; and

c. The original postage meter log, firm mailing manifest, or USPS Certificate of Mailing (Form 3817) generated on the date service was allegedly performed on February 6, 2026, specifically identifying the recipient's address and the weight of the mailing, pursuant to FRE 901 and 1002;

5. **GRANT** such other and further relief as this Court deems just and proper, including but not limited to an award of Plaintiff's reasonable costs incurred in bringing this Motion.

DATED: March 17, 2026.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Respectfully submitted,

RAJ MARNI, Plaintiff, *Pro Se*

## VI. CERTIFICATE OF SERVICE

I, Raj Marni, hereby certify that I served the foregoing PLAINTIFF'S MOTION FOR SANCTIONS UNDER FRBP 9011 AGAINST DEFENDANT LIFESTYLE ASSOCIATES, LLC AND ITS COUNSEL DANIEL A. MANN, ESQ. (CYPRESS LAW, PLLC); AND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION TO STRIKE ECF NO. 15 AND REQUEST FOR ENTRY OF DEFAULT on the following parties by the methods indicated below:

**1. VIA USPS MAIL (Mailed on March17, 2026):** I deposited a true and correct copy of the aforementioned document in the United States Mail at Irvine, California, in a sealed envelope postage fully prepaid, addressed to:

- **DANIEL A. MANN, ESQ.** Cypress Law, PLLC 3228 E Ivyglen Circle, Mesa, AZ 85213. *Counsel for Defendant Lifestyle Associates, LLC.*

- **LISA J. ZASTROW, ESQ.** Garin Law Group 9900 Covington Cross Drive, Suite 210 Las Vegas, Nevada 89144. *Counsel for Defendants Georgelas, Schmalzle, Houck, and SG Law PLC.*

- **KSENIJA TRDIC,** 20725 Wood Quay Drive, Unit 469, Sterling, Virginia 20166. *Pro Se* litigant.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**2. VIA ELECTRONIC MAIL (Transmitted on March 17, 2026):** I transmitted a true and correct PDF copy of the aforementioned document to the following email addresses:

- **contact@cypresslawpllc.com** (Daniel A. Mann, Esq.)
- **lzastrow@garinlawgroup.com** (Lisa J. Zastrow, Esq.)
- **kaseykcm@gmail.com** (Ksenija Trdic, *Pro Se* litigant.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **March 17, 2026**.

RAJ MARNI, *Pro Se* Debtor
17595 Harvard Avenue, C 4009, Irvine, CA 92614.
Email: RajMarni@Gmail.Com
Phone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

# EXHIBIT - A

## DECLARATION OF RAJ MARNI IN SUPPORT OF MOTION FOR SANTCTIONS AGAINST DEFENTANT LIFESTYLE ASSSOCIATS, LLC COUNSEL MR. DANIEL A. MANN ESQ., UNDER FRBP 9011

I, **RAJ MARNI**, declare as follows:

1. I am the Plaintiff, appearing *pro se*, in this adversary proceeding. I have personal knowledge of the facts set forth herein.

2. On March 6, 2026, Defendant Lifestyle Associates, LLC filed a document (ECF No. 33) which was originally set for hearing on March 11, 2026.

3. Although the document was filed on March 6, it was not mailed to me until March 9, 2026—only two days before the scheduled hearing.

4. I did not physically receive the document until **after** the March 11, 2026, 9:30 a.m. PT hearing deadline had already passed.

5. At the March 11 hearing, the Court continued the matter to **March 25, 2026,** specifically because I had not been afforded a meaningful opportunity to receive, review, or respond to the Defendant's filing.

6. This sequence of events—filing a document and then delaying service until it is impossible for the opposing party to respond before the hearing—constitutes an improper purpose under **FRBP 9011(b)(1)**.

7. Because I only received the documents after the original hearing date, I require an Order Shortening Time to ensure my Motion for Sanctions and

1 of 2

Supplemental Brief (which address this specific misconduct) can be heard on the continued date of March 25, 2026.

8. Good cause exists to shorten the time because the Defendant's own service delays created this timing conflict. Under **Local Rule 9006(c)**, I request that any opposition to my motion be due no later than two business days before the March 25 hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **March 17, 2026**.

**RAJ MARNI**, Plaintiff, *Pro Se*
17595 Harvard Avenue, C 4009
Irvine, CA 92612
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

**CERTIFIED MAIL**™

FIRST-CLASS MAIL
U.S. POSTAGE
FEES PAID
LETTERSTR

$011.12
03/09/2026 ZIP
043M32206054



## USPS CERTIFIED MAIL

9214 8901 4298 0462 8890 08

### CERTIFIED MAIL

Cypress Law, PLLC
3228 E Ivyglen Cir
mesa AZ 85213



0013536180000011
Raj Marni
17595 HARVARD AVENUE #C4009
Irvine CA 92614
USA

CamScanner

CamScanner



Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

*Pro Se* Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*******

| | | |
|---|---|---|
| In re | ) | Bankruptcy No:20-13238-mkn |
| RAJ MARNI | ) | Chapter: 7 |
| Debtor. | ) | |
| | ) | Adversary |
| RAJ MARNI | ) | Proceeding: 26-01002-mkn |
| Plaintiff | ) | |
| v. | ) | |
| CHRISTIN L. GEORGELAS, ESQ., Individually and as member of SG Law PLC, | ) | |
| RYAN SCHMALZLE, ESQ., Individually and as partner of SG Law PLC, | ) | |
| MEGAN HOUCK, ESQ., Individually and associate of SG Law PLC, | ) | |
| SG Law PLC, A Virginia Limited Liability Company | ) | |
| KSENIJA TRDIC, Individually and as member of Lifestyle Associates, LLC | ) | |
| LIFESTYLE ASSOCIATES, LLC A Virginia Limited Liability Company | ) | |
| Defendants. | ) | |

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com  Telephone: +1-725-200-2010

1

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND OMNIBUS MOTION TO STRIKE

**THE COURT**, having considered Plaintiff Raj Marni's Motion for Sanctions Under FRBP 9011 , the Supplemental Brief in Support of Plaintiff's Omnibus Motion to Strike, and the Declaration of Raj Marni in Support of Shortening Time, and finding good cause appearing therefor:

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. **MOTION TO STRIKE:** The Motion to Dismiss filed by Defendant Lifestyle Associates, LLC (ECF No. 15) is hereby **STRICKEN** from the record in its entirety as a procedural nullity.

2. **ENTRY OF DEFAULT:** Pursuant to FRBP 7055, the Clerk of the Court shall **ENTER DEFAULT** against Defendant Lifestyle Associates, LLC for failure to timely plead or otherwise defend.

3. **SANCTIONS UNDER FRBP 9011:** The Court finds that Counsel Daniel A. Mann, Esq. violated FRBP 9011(b) by certifying a false service date in ECF No. 33. As a sanction, Mr. Mann is ordered to pay Plaintiff's reasonable costs in the amount of $_____ within fourteen (14) days of this Order.

4. **PRODUCTION OF EVIDENCE:** Counsel Daniel A. Mann, Esq. is **ORDERED** to produce to Plaintiff and the Court, within five (5) days of this Order:

   o The original signature page of the Declaration of Ksenija Trdic;

2

- o Electronic transmission logs/SMTP headers for any purported service of ECF No. 15; and

- o The original USPS Certificate of Mailing or firm mailing manifest for the alleged February 6, 2026, service.

**IT IS SO ORDERED.**

HONORABLE MIKE K. NAKAGAWA, UNITED STATES BANKRUCPY JUDGE

### 

SUBMITTED BY:

/s/ *Raj Marni*

RAJ MARNI, 17595 Harvard Avenue, C 4009, Irvine, CA 92614. *Pro Se,* Debtor.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

3