_____

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 06, 2026

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In re: | Case No. 20-13238-mkn |
| RAJ MARNI, | Chapter 7 |
| Debtor. | |
| RAJ MARNI, | Adv. Proc. No. 26-01002-mkn |
| Plaintiff, | |
| vs. | **Date:  May 27, 2026**<br>**Time: 9:30 a.m.** |
| CHRISTIN L. GEORGELAS, ESQ., Individually and as a Member/Manager and Registered Agent of SG Law PLC; RYAN M. SCHMALZLE, ESQ., Individually and as a Member of SG Law PLC; MEGAN L. HOUCK, ESQ., Individually and an Associate of SG Law PLC; SG LAW PLC (Entity ID: 1144173), a Virginia limited liability company; KSENIJA TRDIC, Individually and as a Member and Manager of Lifestyle Associates, LLC; and LIFESTYLE ASSOCIATES, LLC, Entity ID: S1674904, a Virginia limited liability company, | |
| Defendants. | |

**ORDER TO SHOW CAUSE[1]**

On January 7, 2026, Raj Marni ("Debtor"), *in pro se*, filed a complaint ("Complaint") commencing the above-referenced adversary proceeding against the defendants Christin L. Georgelas ("Georgelas"); Ryan M. Schmalzle ("Schmalzle"); Megan L. Houck ("Houck"); SG Law PLC ("SG"); Ksenija Trdic ("Trdic"); and Lifestyle Associates, LLC ("LA").  (AECF No. 1).  Debtor seeks relief from fraud, conspiracy, extrinsic fraud, vicarious liability, violations of the Virginia Rules of Professional Conduct, civil aiding and abetting, fraudulent misrepresentation, and a request for referral to the Unites States Attorney.  (AECF No. 1 at 116:6-145:17).

**BACKGROUND**

On July 2, 2020, Debtor filed an individual Chapter 13 petition ("Petition").  (ECF No. 1).

On July 28, 2020, Debtor filed an Individual Summary of Assets and Liabilities ("Schedules").  (ECF No. 13).  Also on that date, Debtor filed Chapter 13 Plan #1 ("Plan 1").  (ECF No. 16).

On August 31, 2020, Trdic filed an Objection to Confirmation of Plan 1.  (ECF No. 23).

On September 29, 2020, Debtor filed Amended Schedules.  (ECF No. 30).

On September 30, 2020, Debtor voluntarily converted the case to Chapter 7, and Brian D. Shapiro was added to the case as the Chapter 7 Trustee ("Trustee").

On November 9, 2020, Trustee filed a Report of No Distribution.  (ECF No. 46).

On December 29, 2020, the court entered an order discharging the Debtor.  (ECF No. 49).

On January 4, 2021, the court closed the Chapter 7 case.  (ECF No. 51).

---

[1] All references to "AECF No." are to the documents filed in the above-captioned Adversary Proceeding.  All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.  All references to "Code" are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "Section" are to provisions of the Code.

On December 29, 2025, Debtor filed a Motion to Reopen Chapter 7 Case ("Reopen Motion").  (ECF No. 52).

On December 30, 2025, the court entered an order granting the Reopen Motion.  (ECF No. 54).

On January 7, 2026, Debtor filed the Complaint.  (AECF No. 1).  Also on that date, Debtor filed a Motion for Temporary Restraining Order ("First TRO").  (AECF No. 4).

On January 15, 2026, Debtor filed a Request for Waiver of Filing Discovery Plan.  (AECF No. 5).

On February 2, 2026, Debtor filed another Motion for Temporary Restraining Order ("Second TRO").  (AECF No. 6).

On February 5, 2026, Trdic filed a Motion to Dismiss Adversary Proceeding ("Trdic MTD").  (AECF No. 11).

On February 6, 2026, Georgelas, Houck, Schmalzle, and SG filed a Motion to Dismiss Adversary Proceeding ("Counsel MTD").  (AECF No. 14).  LA also filed a Motion to Dismiss Adversary Proceeding ("LA MTD").  (AECF No. 15).

On February 19, 2026, Debtor filed a Motion to Strike against the Counsel MTD ("Counsel Strike") and a Motion to Strike against the LA MTD ("LA Strike").  (AECF Nos. 18 and 21).

On February 23, 2026, Debtor filed an Opposition to the Trdic MTD and Conditional Oppositions against the Counsel and LA MTDs.  (AECF Nos. 26-28).

On March 2, 2026, Debtor filed a Notice of Supplemental Facts Regarding Omnibus Motion to Strike ECF No. 15 and Request for Entry of Default.  (AECF No. 29).

On March 5, 2026, Georgelas, Houck, Schmalzle, and SG filed a Reply in Support of the Counsel MTD and an Opposition to the Counsel Strike.  (AECF Nos. 31 and 32).

On March 6, 2026, LA filed an Opposition to the LA Strike.  (AECF No. 33).

On March 10, 2026, Debtor filed a Response to the LA MTD and a Reply in Support of the Counsel Strike.  (AECF Nos. 34 and 35).

On March 11, 2026, the court held a hearing regarding the Trdic and Counsel MTDs, the Counsel and LA Strikes, and the Second TRO and took the matters under advisement.

On March 18, 2026, LA filed a Reply in Support of the LA MTD.  (AECF No. 36).

On March 25, 2026, the court held a hearing on the LA MTD and took the matter under advisement.

### DISCUSSION

The court has considered the written and oral arguments of the parties and their counsel as well as the record presented.  For the reasons discussed below, the court will order Debtor to show cause for why the court should not dismiss all claims except for the violation of the discharge injunction claim and abstain from hearing all claims.

**Subject Matter Jurisdiction**

"Under 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11." Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc. (In re GACN, Inc.), 555 B.R. 684, 692 (B.A.P. 9th Cir. 2016), appeal dismissed, 2017 WL 4513499 (9th Cir. May 10, 2017) (cleaned up).

> The terms "arising under title 11" and "arising in a case under title 11" are terms of art which the courts have defined.  Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir.2013).  A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.  Id.  In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case.  Id.
>
> The remaining category of bankruptcy jurisdiction, "related to" jurisdiction, is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.  Id. at 1287.

Id. at 693.

> Proceedings "arising in" bankruptcy cases… essentially are proceedings that would not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences."

State of Mont. v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193 (9th Cir. 2005).

4

The Ninth Circuit has adopted the "Pacor test" for determining the scope of "related to" jurisdiction.  See In re Fietz, 852 F.2d 455, 457 (9th Cir.1988).  Under this formulation, the test is whether:

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Id. at 457, quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)) (emphasis in original).

There are "two broad categories of proceedings potentially subject to bankruptcy court jurisdiction: 'core' bankruptcy proceedings and 'noncore' proceedings."  GACN, 555 B.R. at 693, citing Marshall v. Stern (In re Marshall), 600 F.3d 1037, 1052-54 (9th Cir.2010), aff'd, 564 U.S. 462 (2011).

> Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11.  Id. at 1053.  28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core bankruptcy proceedings.  Id. at 1053–54.  Included in that list are a number of provisions identifying specific types of bankruptcy court proceedings that qualify as core and two catchall provisions that bookend the more-specific provisions.  The first catchall provision, 28 U.S.C. § 157(b)(2)(A), designates as core "matters concerning the administration of the estate" and the second catchall provision, 28 U.S.C. § 157(b)(2)(O), designates as core "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

Id.

"When an adversary complaint presents a mix of core and non-core matters, as this one does, further consideration of the proper scope of the bankruptcy court's jurisdiction is required." In re Eachpole, Inc., 2025 WL 351823, at *53 (Bankr. D. Nev. Jan. 24, 2025).

In this case, Debtor's Complaint is obtuse, but seems to claim violation of the discharge injunction under 11 U.S.C. § 524, fraud, conspiracy, extrinsic fraud, vicarious liability, violations of the Virginia Rules of Professional Conduct, civil aiding and abetting, fraudulent misrepresentation, and a request for referral to the Unites States Attorney.  See Complaint at

116:6-145:17.  Only the alleged violation of the discharge injunction is within this court's subject matter jurisdiction.

Section 524 declares that a discharge operates as an injunction against the commencement or continuation of an action to collect on a discharged debt.  See 11 U.S.C. § 524(b)(2).  Thus, any violation of that discharge injunction would be a matter under the Code, providing arising under jurisdiction for the court with respect to that claim.  The remaining causes of action, however, are not within this court's subject matter jurisdiction.

First, the other claims are not created or controlled by the Code so there is no arising under jurisdiction.

Second, there is no arising in jurisdiction because the claims could exist outside of a bankruptcy case.  As described in Pegasus Gold, arising in proceedings are those that pertain to the administration of the bankruptcy estate.  The Debtor already received a discharge in the main Chapter 7 case, so there is no bankruptcy estate for the court to administer.  Accordingly, it would be impossible for these claims to provide arising in jurisdiction.

Third, the court does not have related to jurisdiction over the claims because the claims do not impact the bankruptcy estate.  Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).[2] "Property acquired post-petition by the debtor does not enter the [Chapter 7] estate; it remains the separate property of the debtor."  Suter v. Goedert, 396 B.R. 535, 541 (D. Nev. 2008), citing Alan N. Resnick & Henry J. Sommer, 5 COLLIER ON BANKRUPTCY ¶ 541.03 (15th ed. 1996).  "[I]n a case converted from Chapter 13, a debtor's postpetition earnings and acquisitions do not become part of the new Chapter 7 estate."  Harris v. Viegelahn, 575 U.S. 510, 517 (2015), citing 11 U.S.C. § 348(f).  Here, Debtor filed his bankruptcy Petition on July 2, 2020.  Any causes of

[2] Debtor filed his voluntary bankruptcy petition in pro se on July 2, 2020, and filed his Schedules on July 28, 2020.  Both were signed under penalty of perjury.  His personal property Schedule "A/B" required at Item 33 a disclosure of "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment."  Item 34 required a disclosure of "Other contingent and unliquidated claims of every nature, including counterclaims of the debtors and rights to set-off claims."  For both Items, the Debtor indicated "No."  In other words, on the date he filed his bankruptcy petition, Debtor attested that he had none of the claims alleged in the Complaint.

action arising after that date are Debtor's property and not part of the bankruptcy estate. Debtor represents that the causes of action arise from conduct in August 2020 as well as from April 2022 to the present. See Complaint at 115:4-116:4. Debtor's causes of action arose, if at all, after the date of the Petition and are therefore not property of the estate. Further, Debtor already received a discharge so there is no estate left to administer. Accordingly, Debtor's other claims do not affect the estate in any way which deprives the court of related to jurisdiction.

Fourth, Debtor asserts that the other claims are still core proceedings under the catchall provisions of 28 U.S.C. §§ 157(b)(2)(A), (I), and (O). See Complaint at 6:18. Not so. 28 U.S.C. § 157(b)(2)(A) includes matters that affect the administration of the estate, but as already discussed, Debtor's other claims have nothing to do with the administration of the estate. Similarly, 28 U.S.C. § 157(b)(2)(A) includes other proceedings affecting the liquidation of the estate or adjustment of the debtor-creditor relationship. The estate is liquidated, and the claims do not adjust the relationship between Debtor and a creditor. Accordingly, the Debtor's reliance on these catchall provisions is misplaced.

Therefore, the court will require the Debtor to show cause as to why the court should not dismiss all claims without prejudice, except for the violation of the discharge injunction claim, for lack of subject matter jurisdiction.

**Abstention**

"Whether an action is a core or a noncore proceeding is a factor to be considered in making both mandatory and permissive abstention rulings." GACN, 555 B.R. at 693-94, citing 28 U.S.C. § 1334(c)(1) and Eastport Assocs. v. City of L.A. (In re Eastport Assocs.), 935 F.2d 1071, 1075-76 (9th Cir. 1991). Mandatory abstention requires:

> (1) A timely motion; (2) a purely state law question; (3) a non-core proceeding § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

GACN at 694, citing Krasnoff v. Marshack (In re General Carriers Corp.), 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001).

There is no motion for mandatory abstention before the court, so the court can only consider permissive abstention.  For permissive abstention, bankruptcy courts consider:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

GACN at 694, citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1167 (9th Cir. 1990).

In this case, abstention is strongly suggested for any ruling on the alleged violation of the discharge injunction as well as all other claims.

First, these claims have no effect on the efficient administration of the estate because the Chapter 7 trustee already administered the estate.  The court finds no reason to adjudicate claims that will not impact the already liquidated estate.  This factor weighs heavily in favor of abstention.

Second, the majority of Debtor's claims are state law claims.  Fraud, conspiracy, extrinsic fraud, vicarious liability, violations of the Virginia Rules of Professional Conduct, civil aiding and abetting, and fraudulent misrepresentation are all state law claims.  The only federal law claim is the violation of the discharge injunction.  Further, the federal law claim only requires a simple reading of Section 523(a)(15) to resolve the federal matter.  The remaining claims will likely involve discovery and fact finding to resolve the state law issues.  This factor tips sharply in favor of abstention.

Third, all of the law is fairly straightforward.  The federal law is especially settled since Section 523(a)(15) immediately resolves the bankruptcy related issue.[3]  This factor weighs slightly in favor of abstention.

Fourth, there is a related proceeding in the Loudon Circuit Court in Virginia involving the same parties.  (AECF No. 1).  The existence of that case strongly favors abstention.[4]

Fifth, as already discussed, the court only has subject matter jurisdiction over the violation of the discharge injunction claim which weighs strongly in favor of abstention.

Sixth, these claims do not significantly relate to the main bankruptcy case.  Only the violation of the discharge injunction claim relates to the main case.  The other claims arose after discharge and involve facts that this court is not yet familiar with.  Accordingly, this factor weighs slightly in favor of abstention.

Seventh, as the court already analyzed, the Debtor's asserted claims are largely not core proceedings.  Thus, this factor weighs in favor of abstention.

Eighth, the violation of the discharge injunction claim could be easily severed from the remaining state law claims.  In that situation, this court could easily render a decision on whether

---

[3] Contrary to Debtor's assertion, Shaver v. Shaver, 736 F. 2d 1314 (9th Cir. 1984) has no impact on this case.  (AECF No. 1).  Shaver was decided in 1984 before Congress added Section 523(a)(15) in 1994.  See Bankruptcy Reform Act of 1994, H.R. 5116, 103rd Cong.  (1994).  To the extent that Shaver suggests that property settlements from divorce proceedings are dischargeable debts, that notion is clearly superseded by Section 523(a)(15).

[4] It is well established that a bankruptcy court's jurisdiction to determine the dischargeability of a debt encompassed by Section 523(a)(5) and Section 523(a)(15) is concurrent with state courts.  See Speir v. Bocalan (In re Nicar Araracap Bocalan), 2026 WL 906761 at *4 (B.A.P. 9th Cir. Apr. 2, 2026); Superpumper, Inc. v. Leonard, 495 P.3d 101, 105 (Nev. 2021).  See, e.g., Ackerman v. Ackerman (In re Ackerman), 2007 WL 7540954, at *4 (B.A.P. 9th Cir. Aug. 6, 2007) ("Moreover, the Ninth Circuit has recognized that the bankruptcy court presiding over a debtor's case does not exercise exclusive jurisdiction over determinations of whether debts are excepted from discharge under § 523(a)(5)…For example, a state domestic relations court may make a dischargeability determination under § 523(a)(5) after entry of a bankruptcy discharge….Only exceptions to discharge based on §§ 523(a)(2)(debts for fraud), (a)(4) (embezzlement or fraud by a fiduciary), [or] (a)(6) debts for willful and malicious injuries)…must be decided by the bankruptcy court within the time constraints imposed by Rule 4007(c).").  The Loudon Circuit Court in Virginia has concurrent jurisdiction to determine whether the underlying obligations were discharged by the Debtor under Chapter 7, before any alleged discharge violation should be adjudicated.

9

the defendants violated the discharge injunction.  Given that ease, this factor weighs in favor of retention.

Ninth, adjudicating largely state law claims that have no impact on the administration of the estate will add a significant burden to the court's already busy docket.  Thus, this factor weighs heavily in favor of abstention.

Tenth, the commencement of this case in the bankruptcy court appears to be forum shopping.  Debtor's claims center around conduct occurring in Virginia.  All the witnesses with the exception of the Debtor likely reside in Virginia as do all the defendant parties.  Debtor's choice to pursue these claims here suggests an attempt to create difficulty for the Defendants rather than a legitimate reason to pursue the claims here.  Further underlying this point is the fact that Debtor's claims do not impact the estate.  Debtor seeks sympathy from a court that already provided Debtor with a discharge rather than pursue these claims in the logical forum of Virginia.  This favor weighs in favor of abstention.

Eleventh, there is no request for a jury trial, so this factor is not implicated or neutral.

Twelfth, this proceeding involves a Chapter 7 that already received a discharge and otherwise exclusively non-debtor parties.  Accordingly, this court has very little reason to hear this case.  This factor thereby weighs heavily in favor of abstention.

Seeing as all but two factors weigh in favor of abstention, the court believes it should abstain from hearing the Debtor's claims.  Therefore, the court will order the Debtor to show cause for why the court should not abstain from hearing the Debtor's claims.

**IT IS HEREBY ORDERED** that debtor Raj Marni and his counsel of record, if any, are ordered to appear telephonically or in-person on **May 27, 2026**, and show cause why this adversary proceeding should not be dismissed except for the claim for violation of the discharge injunction and why the court should not abstain from deciding the claims in the Debtor's Complaint.  Absent further order of the court, the parties **must** participate and appear telephonically at the scheduled date and time by dialing (833) 435-1820; Meeting ID: 161-062-2560; Passcode: 029066#.  Instructions for appearing via telephone are available on the court's website at:

www.nvb.uscourts.gov/news-rss/announcements/2020/0319-court-hearing-participation/.

**IT IS FURTHER ORDERED** that the scheduling conference in this adversary proceeding that is set for May 14, 2026, at 10:00 a.m. is **VACATED** from the calendar.

**IT IS SO ORDERED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

RAJ MARNI
10863 VISTA MARBELLA AVE.
LAS VEGAS, NV 89144

RAJ MARNI
17595 HARVARD AVENUE, #C4009
IRVINE, CA 92614

KSENIJA TRDIC
20725 WOOD QUAY DRIVE, UNIT 469
STERLING, VA 20166

DAVID OCHOA on behalf of SG LAW PLC
GARIN LAW GROUP
9900 COVINGTON CROSS DRIVE, SUITE 210
LAS VEGAS, NV 89144

# # #

11