Raj Marni
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email:RajMarni@Gmail.Com
Telephone: +1-725-200-2010
*Pro Se* Debtor

RECEIVED
AND FILED

AM

MAY 18 2026

U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy No: 20-13238-mkn |
| RAJ MARNI | Chapter: 7 |
| Debtor. | |
| RAJ MARNI | Adversary Proceeding No: 26-01002-mkn |
| Plaintiff | |
| v. | Hearing Date: May 27, 2026 |
| | Hearing Time: 9:30 am P.T |
| CHRISTIN L. GEORGELAS, ESQ., | |
| Individually and as member of SG Law PLC, | |
| RYAN SCHMALZLE, ESQ., | |
| Individually and as partner of SG Law PLC, | |
| MEGAN HOUCK, ESQ., | |
| Individually and associate of SG Law PLC, | PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (OSC) |
| SG Law PLC, | |
| A Virginia Limited Liability Company | |
| KSENIJA TRDIC, | |
| Individually and as member of | |
| Lifestyle Associates, LLC | |
| LIFESTYLE ASSOCIATES, LLC | |
| A Virginia Limited Liability Company | |
| Defendants. | |

1 OF 25

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Raj Marni ("Plaintiff" or "Debtor") respectfully submits this Response to the Court's Order to Show Cause entered May 6, 2026 (the "OSC"). The Court raises two threshold questions: (1) whether claims other than the § 524 discharge injunction claim should be dismissed for lack of subject matter jurisdiction; and (2) whether the Court should abstain from hearing even the § 524 claim. For the reasons below, Plaintiff shows cause why neither dismissal nor abstention is appropriate. Simultaneously, Plaintiff files a *First Amended Adversary Complaint* ("FAAC") that eliminates every state law claim and retains only two federal claims — willful violation of the discharge injunction under 11 U.S.C. § 524(a)(2) and civil contempt sanctions under 11 U.S.C. § 105(a).

The Court should be aware of a critical development directly bearing on the abstention question. On January 9, 2026, the Loudoun County Circuit Court entered a signed Order (the "Jan. 9 Order," Exhibit B) establishing arrearages and holding Plaintiff in contempt. That Order explicitly incorporates $118,857.87 in discharged property settlement debts — Prosper Loan ($24,299.42), Circle Bank ($64,022.65), and Car Payment ($30,535.80) — as valid judgment obligations with 6% compounded interest. (Exhibit B, p. 5, Exhibit A thereto.) This $118,857.87 figure represents debts discharged in *two* separate federal bankruptcies: (1) Defendant Trdic's own Chapter 7 discharge in Case No. 19-10603-KHK, E.D. Va., June 5, 2019 (Exhibit D, Schedule E/F, p. 5, Entry 4 | 13; p. 6, Entry 4 | 16); and (2) Plaintiff's Chapter 7 discharge in this Court on December 29, 2020 (Exhibit E). Defendant Trdic admitted these facts under sworn testimony at the December 3, 2025, Virginia hearing. (Exhibit C, p. 6 Tr. 57:12-22.)

Furthermore, prior to entry of the Jan. 9 Order, Plaintiff filed a 21-page formal objection in the Virginia court on December 29, 2025, explicitly notifying it of the

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

federal discharge injunction, the Supremacy Clause bar, and the *Taggart* standard. (Exhibit A, pp. 1-19, ¶¶ 1-114.) The Virginia court reviewed that objection and entered the Jan. 9 Order anyway, with a handwritten note on its face: "The Court has reviewed Mr. Marni's Objection to Proposed Order... the Court is not persuaded that This Order should not be entered." (Exhibit B, p. 4.)

Plaintiff respectfully requests that this Court hear this matter concurrently with the Order to Show Cause hearing scheduled for May 27, 2026. All Defendants are already on notice of the May 27 hearing date. This Response is directly responsive to the Court's OSC and the FAAC cures the precise deficiencies the Court identified. Hearing both matters together serves judicial economy and causes no prejudice to Defendants.

## PRELIMINARY FACTUAL STATEMENT: THE DOCUMENTED DOUBLE-DISCHARGE CHAIN

Before addressing the Court's legal questions, Plaintiff sets forth the following documented factual chain. Each element is established by sworn federal court records or sworn on-the-record testimony now before this Court. This chain is essential context for every legal argument that follows:

1. On February 26, 2019, Defendant Ksenija Trdic — then known as Ksenija Marni — filed a voluntary Chapter 7 petition in the Eastern District of Virginia. (Exhibit D, Case No. 19-10603-KHK, p. 1.)

2. In that petition, Defendant Trdic listed and discharged the following consumer debts as her own personal obligations under penalty of perjury: (a) Prosper Marketplace, account ending 4045, balance $5,455.00, classified as "Consumer Loan" — Debtor 1 only (Exhibit D, Schedule E/F, p. 5, Entry 4 | 13); and (b) MarketPlace Loan Trust (Circle Bank), account ending 8038, balance

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

$14,853.00, classified as "Consumer Loan" — Debtor 1 only (**Exhibit D**, Schedule E/F, p. 6, Entry 4 | 16).

3. Defendant Trdic received a full Chapter 7 discharge in Case No. 19-10603-KHK on June 5, 2019. She paid $0.00 to Prosper Marketplace and $0.00 to Circle Bank after her discharge. She confirmed this under sworn testimony at the December 3, 2025, Virginia hearing. When asked whether Prosper Loan and Circle Bank were discharged in her 2019 bankruptcy, Defendant Trdic answered: *"Yes, in my bankruptcy."* (Exhibit C, Tr. 57:15-17.) She further stated under oath: *"My bankruptcy was discharged, which means that I no longer owed to those two institutions."* (Exhibit C, p. 6, Tr. 57:20-22.) Under *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010), because she paid $0.00 and suffered no economic loss, her indemnification claim against Plaintiff on these debts is worth exactly $0.00. (Exhibit A, pp. 5-6, ¶¶ 26-38.)

4. On July 2, 2020, Plaintiff filed a Chapter 13 petition in this Court, converted to Chapter 7 on September 30, 2020. On September 30, 2020, this Court issued an Official Notice of Chapter 7 Bankruptcy Case (Exhibit E), notifying all creditors — including Defendant Trdic — of the case, the automatic stay, and the December 28, 2020, deadline to challenge dischargeability. (Exhibit E, p. 4, 3rd entry.) Defendant Trdic was an active participant in Plaintiff's bankruptcy, attended the § 341 Meeting of Creditors on October 26, 2020, and notified of Chapter 7 Bankruptcy Case Proof of Claim Deadline  (Exhibit E, pp. 3-4) She filed no dischargeability complaint before the deadline December 28, 2020.

5. On December 29, 2020, this Court entered Plaintiff's discharge order (Exhibit E, pp. 5-6), extinguishing any remaining indemnification obligation on the Prosper and Circle Bank debts, the Car Payment obligation, and all other dischargeable property settlement debts. At the December 3, 2025, Virginia hearing, Plaintiff stated on the

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

record in open court, with Defendant Georgelas present at counsel table: "The bankruptcy is a federal injunction. So, the sheet Ms. Georgelas gave to you, Your Honor, the Parent Loan, the Prosper Loan, the Circle Bank, and the car payments, these are all debts that are discharged." (Exhibit C, p. 3, Tr. 12:11-14.) Under *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), there was "no fair ground of doubt" from that precise moment forward that continued collection of those debts violated the discharge injunction.

**6.** On January 9, 2026, the Loudoun County Circuit Court — after receiving and reviewing Plaintiff's 21-page formal objection filed December 29, 2025 (Exhibit A, ¶¶ 1-114) — entered the Jan. 9 Order (Exhibit B) establishing the following as valid, interest-bearing judgment obligations: Prosper Loan ($24,299.42 at 6% compounded), Circle Bank ($64,022.65 at 6% compounded), and Car Payment ($30,535.80 at 6% compounded), for a discharged-debt subtotal of $118,857.87. (Exhibit B, p. 5, Exhibit A thereto.) The Virginia court entered this order after Defendant Trdic admitted under oath that these debts were discharged in her 2019 bankruptcy (Exhibit C, p. 6, Tr. 57:15-17). This is the void judgment only this Court can declare *void ab initio* under 11 U.S.C. § 524(a)(1) and *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).

## I. THIS COURT HAS EXCLUSIVE JURISDICTION TO ENFORCE ITS OWN DISCHARGE INJUNCTION

### *A. The OSC Conflates Dischargeability Determination with Discharge Enforcement — These Are Legally Distinct Questions, and Virginia Applied the Wrong Standard to the Federal Question*

The OSC cites *Speir v. Bocalan*, 2026 WL 906761 (B.A.P. 9th Cir. Apr. 2, 2026); *Superpumper, Inc. v. Leonard*, 495 P.3d 101 (Nev. 2021); and *Ackerman v. Ackerman*, 2007 WL 7540954 (B.A.P. 9th Cir. 2007), for the proposition that this Court and the

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Virginia Loudoun Circuit Court have concurrent jurisdiction. Those cases address a fundamentally different question: whether a debt is dischargeable. This case asks whether Defendants willfully violated a discharge injunction already issued. That is an enforcement question — and enforcement jurisdiction is exclusively here.

What makes the jurisdictional issue unambiguous is not merely the legal distinction — it is the documented factual record. On December 29, 2025, Plaintiff filed a 21-page formal objection in the Virginia court (Exhibit A, ¶¶ 1-114) raising the Supremacy Clause (Exhibit A, pp. 2-3, ¶¶ 5-9), the Rooker-Feldman doctrine (Exhibit A, p. 3, ¶¶ 10-13), 11 U.S.C. § 524(a)(2) (Exhibit A, p. 3, ¶¶ 7-9), the *Taggart* standard (Exhibit A, p. 4, ¶¶ 18-22), and the double-discharge fraud under *Lange v. Lange* (Exhibit A, pp. 5-6, ¶¶ 26-40). Virginia reviewed and rejected all of it. (Exhibit B, p. 4, handwritten notation.)

More fundamentally, the December 3, 2025, hearing transcript (**Exhibit C**) establishes that the Virginia court never adjudicated the federal discharge question at all.

Under the federal Taggart v. Lorenzen, 139 S. Ct. 1795 (2019) standard, the dispositive question for civil contempt is whether there was 'no fair ground of doubt' that the discharge order barred the creditor's conduct. The record establishes that the Virginia court did not apply this federal standard, instead deeming the federal discharge 'irrelevant' to the state enforcement proceeding (Exhibit B, p. 4). While state courts may have concurrent jurisdiction to determine the scope of a discharge, a forum that declines to apply the governing Supreme Court standard cannot provide an adequate remedy for a willful violation of the 11 U.S.C. § 524 injunction. This lack of adjudication on the merits of the federal 'fair ground of doubt' test creates a jurisdictional necessity for this Court to exercise its inherent power under 11 U.S.C. § 105(a) to enforce its own Discharge Order

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

*In re McLean*, 794 F.3d 1313, 1318-19 (11th Cir. 2015): "A bankruptcy court retains jurisdiction to enforce its own discharge injunction... A bankruptcy court has the exclusive authority to enforce its own discharge injunction by holding a party in contempt." *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000): "The bankruptcy court has exclusive jurisdiction to determine the effect of its own discharge order and to hold in contempt any party who violates it." If this Court abstains, the civil contempt remedy under § 105(a) becomes permanently unavailable. Abstention does not transfer this case — it eliminates the cause of action entirely.

The on-the-record discharge notice at the December 3 hearing leaves no ambiguity. With Defendant Georgelas present at counsel table, Plaintiff stated on the record: "The bankruptcy is a federal injunction. So, the sheet Ms. Georgelas gave to you, Your Honor, the Parent Loan, the Prosper Loan, the Circle Bank, and the car payments, these are all debts that are discharged." (Exhibit C, p. 3, Tr. 12:11-14.) Plaintiff had also told the court (Exhibit C, p. 3, Tr. 12:1-8) that in April 2022, Trdic "included all the discharged debt and got an order from Judge Irby" — establishing the prior pattern of willful collection on the transcript record. Under *Taggart*, there was "no fair ground of doubt" from Tr. 12:11-14 forward that continued collection violated the discharge injunction. The Virginia court heard this, applied the wrong standard, and proceeded to judgment.

### B. *Section 523(a)(15) Is a Contested Merits Defense, Not a Jurisdictional Bar — And Defendant Trdic's Own Sworn Testimony Defeats It*

The OSC states that "Section 523(a)(15) immediately resolves the bankruptcy related issue." (OSC at 9, fn. 3). This is a merits determination that cannot be made at the jurisdictional stage. Moreover, on this record, the answer to that merits question is established by Defendant Trdic's own sworn federal filings and her own sworn on-the-record testimony.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Under *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010), hold-harmless obligations under § 523(a)(15) are non-dischargeable *only to the extent* the protected spouse actually paid the underlying creditor or has a judgment against them. The indemnification logic is straightforward: you cannot claim indemnification for a loss you never suffered.

Defendant Trdic's own Schedule E/F in Case No. 19-10603-KHK establishes under penalty of perjury that she listed Prosper Marketplace (account ending 4045, $5,455.00) as her own consumer debt (Exhibit D, Schedule E/F, p. 5, Entry 4|13) and MarketPlace Loan Trust/Circle Bank (account ending 8038, $14,853.00) as her own consumer debt (Exhibit D, Schedule E/F, p. 6, Entry 4|16). Both are marked "Debtor 1 only." She was discharged from both on June 5, 2019.

Defendant Trdic then confirmed these facts under **sworn testimony** at the December 3, 2025, Virginia hearing — in the very proceeding the OSC suggests is an adequate concurrent forum. When Plaintiff asked: "In your 2019 bankruptcy, did Prosper Loan and Circle Bank were discharged?" Defendant Trdic answered: *"Yes, in my bankruptcy."* (Exhibit C, p. 6, Tr. 57:15-17.) When asked whether she continued to collect those amounts after her discharge, she stated: *"My bankruptcy was discharged, which means that I no longer owed to those two institutions."* (Exhibit C, p. 6, Tr. 57:20-22.) Her attempted distinction — "However, under our divorce decree, you owed that to me" (Exhibit C, p. 6, Tr. 57:21-22) — is the exact argument *Lange* defeats. She paid $0.00, she owes $0.00 to those creditors, and she admitted both facts under oath on the record.

The mischaracterization of these debts was also exposed on the transcript record. Defendant Georgelas's demonstrative labeled the Prosper, Circle Bank, and Car Payment debts as "child support arrearages." (Exhibit C, p. 4, Tr. 37:10-11.) Judge Sincavage himself noted the confusion: "it's confusing because it's labeled child

support, and then it's talking about loans and banks." (Exhibit C, p. 4, Tr. 37:13-14.) Even Defendant Trdic, under examination, conceded: *"Prosper loan, Circle bank, and car payment are not part of the child support."* (Exhibit C, p. 5, Tr. 38:3-4.) This on-the-record admission by Trdic herself — that these debts are not child support — eliminates any § 523(a)(5) defense and confirms they are property settlement obligations subject to § 523(a)(15) and *Lange.* The Jan. 9 Order (Exhibit B, p. 5, Exhibit A thereto) nonetheless establishes $118,857.87 in compounding interest-bearing judgments on these obligations.

The § 523(a)(15) defense on the Prosper and Circle Bank debts fails as a matter of law on this record. Permissive abstention requires accepting Plaintiff's allegations as true — not prejudging their merits on a cold record using a defense the defendant herself defeated under oath.

### C. Only This Court Can Declare the Jan. 9 Order Void Ab Initio

Under 11 U.S.C. § 524(a)(1), any state court judgment determining the personal liability of a debtor with respect to a discharged debt is *void ab initio.* The Jan. 9 Order (Exhibit B) establishes $118,857.87 in discharged property settlement debts as valid judgment amounts with 6% compounded interest accruing daily (Exhibit B, p. 5, Exhibit A thereto) — after Defendant Trdic admitted under oath that these specific debts were discharged in her 2019 bankruptcy (Exhibit C, p. 6, Tr. 57:15-17) and after the Virginia court explicitly declined to adjudicate the federal discharge question, deeming 'the court is not persuaded that this order should not be entered' (Exhibit B, p. 4). Under *In re Gruntz,* 202 F.3d at 1082, only this Court can declare that order void.

The Jan. 9 Order further: (a) holds Plaintiff in contempt (Exhibit B, p. 2, ¶ 1); (b) orders immediate passport surrender with prohibition on obtaining any replacement

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

or international travel documentation without prior court approval (Exhibit B, p. 2, ¶ 3); (c) sets a purge plan hearing where Plaintiff bears the burden of demonstrating inability to pay a balance that includes $118,857.87 in discharged debt, with incarceration explicitly authorized (Exhibit B, pp. 3, 6, Exhibit B thereto); and (d) confirms SG Law and Georgelas were discharged as counsel immediately upon entry (Exhibit B, p. 3) — the coordinated "hit and run" withdrawal Plaintiff alleged, now confirmed on the face of the order they drafted. Abstention leaves this void judgment standing, enforceable, and compounding daily.

## II. CIVIL CONTEMPT UNDER 11 U.S.C. § 105(a) IS A FEDERAL CLAIM ARISING UNDER TITLE 11

Civil contempt for violation of a bankruptcy discharge injunction is a remedy created and governed entirely by the Bankruptcy Code. 11 U.S.C. § 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Courts universally hold that § 105(a) civil contempt for discharge violations is a core proceeding arising under title 11. *See Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) (Supreme Court analyzing civil contempt standard for discharge violations under § 105(a) without questioning bankruptcy court jurisdiction). There is no state law analog to this remedy. The Virginia court cannot sanction violation of this Court's federal order under federal law.

The allegation that multiple Defendants coordinated their conduct does not transform the claim into a state law conspiracy tort. The unlawful act at the heart of the alleged coordination is the § 524 discharge violation itself. The Court's jurisdiction over the § 524 claim encompasses adjudication of how, by whom, and through what coordination that violation occurred. *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). There is no state court that can provide the federal remedy Plaintiff seeks.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

## III.  THE FIRST AMENDED ADVERSARY COMPLAINT DIRECTLY CURES THE COURT'S JURISDICTIONAL CONCERNS

**First**, the FAAC removes all state law claims without prejudice: fraud, conspiracy, extrinsic fraud, vicarious liability, violations of the Virginia Rules of Professional Conduct, civil aiding and abetting, fraudulent misrepresentation, and the United States Attorney referral. These were the basis for the Court's finding that state law predominates. They are gone.

**Second**, the FAAC retains only two claims: (a) willful violation of the discharge injunction under 11 U.S.C. § 524(a)(2); and (b) civil contempt sanctions under 11 U.S.C. § 105(a). Both are federal claims arising under title 11. Both are core proceedings under 28 U.S.C. § 157(b)(2). There are no state law claims remaining.

**Third**, the FAAC sharpens the *Taggart* willfulness analysis with specific factual allegations establishing that each Defendant received actual notice of the December 29, 2020, Discharge Order and continued collection efforts notwithstanding. The documentary and transcript record provided in this Response — Exhibits A through E — provides the evidentiary foundation, including Defendant Trdic's own sworn on-the-record admission that the Prosper and Circle Bank debts were discharged in her 2019 bankruptcy. (Exhibit C, p. 6, Tr. 57:15-17.)

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment is sought in good faith immediately upon the Court's identification of deficiencies. No defendant will suffer prejudice — no discovery has occurred, the scheduling conference was vacated by the OSC itself, and the core facts are unchanged.

## IV.  THE TWELVE ABSTENTION FACTORS, CORRECTLY ANALYZED UNDER THE FAAC, WEIGH AGAINST ABSTENTION

The FAAC fundamentally alters the abstention calculus. Under the FAAC, every state law claim is gone. The Court should reanalyze each factor against the amended pleading and the transcript record now before it.

### Factor 1 — Effect on Estate Administration

The discharge injunction is a permanent federal order that survives closing of the estate. Courts routinely reopen Chapter 7 cases years after closing to enforce discharge injunctions. This factor is neutral.

### Factor 2 — State Law Predominance

The Court's sharpest finding was that state law "tips sharply in favor of abstention." Under the FAAC, this factor reverses entirely. Every state law claim is removed. Two federal bankruptcy claims remain — 11 U.S.C. §§ 524 and 105. There is no state law issue remaining. Moreover, the core merits question — whether Defendant Trdic paid the Prosper and Circle Bank creditors — is answered by two federal court records (Exhibit D, entries 4|13 and 4|16, on pages 5 & 6) and her own sworn testimony (Exhibit C, p. 6, Tr. 57:15-22), requiring no state law analysis whatsoever. This factor now weighs against abstention.

### Factor 3 — Difficulty of Applicable Law

The applicable law is Taggart v. Lorenzen, 139 S. Ct. 1795 (2019), which provides the definitive "no fair ground of doubt" objective standard for civil contempt of a bankruptcy discharge. This is a strict federal standard. As demonstrated by the record, the state court declined to adjudicate the federal discharge question, expressly noting its opinion  (Exhibit B, p. 4, handwritten notation). Consequently, the federal law issue remains entirely unaddressed. Because this Court is uniquely

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

positioned to interpret the scope and intent of its own 11 U.S.C. § 524 permanent injunction, this factor weighs heavily against abstention.

*Factor 4 — Presence of Related State Court Proceeding*

The OSC found that the Virginia proceeding strongly favors abstention. The documentary and transcript record now before this Court defeats that finding decisively. Three independently sufficient facts establish that Virginia is not an adequate concurrent forum:

**First**: Plaintiff gave Virginia every available opportunity to defer. On December 29, 2025, Plaintiff filed a 21-page formal objection (Exhibit A, ¶¶ 1-114) raising the Supremacy Clause, Rooker-Feldman, § 524(a)(2), *Taggart*, *Lange*, and the double-discharge chain with specific dollar amounts and federal court record citations. Virginia reviewed it and entered the Jan. 9 Order anyway. (Exhibit B, p. 4, handwritten notation.) This is not a pending proceeding that may resolve the discharge issue — it is a closed proceeding that rejected the discharge defense.

**Second**: Virginia applied the wrong legal standard. The December 3, 2025, hearing transcript establishes this in three independently significant ways. First, Defendant Trdic admitted under sworn testimony that Prosper and Circle Bank were discharged in her 2019 bankruptcy and that she paid $0.00 to both institutions — the exact *Lange* predicate. (**Exhibit C**, p. 6, Tr. 57:12-22.) Second, Defendant Georgelas's own demonstrative labeled dischargeable property settlement debts as "child support arrearages," Judge Sincavage noted the confusion on the record, and even Trdic conceded these debts "are not part of the child support." (**Exhibit C**, p. 4, Tr. 37:13-14; 38:3-4.) Under *Taggart*, willfulness is the *only* issue for federal discharge contempt. Virginia never adjudicated the federal *Taggart* question. A forum that declines to apply the governing federal standard to a discharge injunction question

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

cannot function as an adequate concurrent forum for the protection of a debtor's federal fresh start.

**Third**: The Jan. 9 Order incorporated debts discharged in Virginia's *own district's* bankruptcy court. The Prosper and Circle Bank debts were discharged in Case No. 19-10603-KHK in the Eastern District of Virginia (Exhibit D) — confirmed by Trdic's own sworn testimony at the December 3 hearing (Exhibit C, p. 6, Tr. 57:15-17) . The Loudoun Circuit Court reinstated debts that both a Virginia federal bankruptcy court and this Court had extinguished, after being provided with both discharge orders. This factor now **weighs decisively against abstention**.

### *Factor 5 — Jurisdictional Basis Other Than § 1334*

Sections 524 and 105 of the Bankruptcy Code provide independent arising-under jurisdiction. This Court issued the discharge. No other jurisdictional basis is needed for a pure §§ 524/105 enforcement action. This factor does not favor abstention.

### *Factor 6 — Relatedness to Main Bankruptcy Case*

The December 29, 2020, Discharge Order is the central output of the main case. Enforcing it directly relates to the main case. This factor is at most neutral.

### *Factor 7 — Substance Rather Than Form of Core Proceeding*

The FAAC removes every non-core claim. Enforcement of a discharge injunction under §§ 524 and 105 is the paradigmatic core bankruptcy proceeding created by and controlled by the Bankruptcy Code. This factor weighs against abstention.

### *Factor 8 — Feasibility of Severing State Law Claims*

The Court already found this factor favors retention. (OSC at 10.) Under the FAAC, there are no state law claims left to sever. The entire proceeding is a single federal enforcement action. This factor weighs against abstention.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

***Factor 9 — Burden on Court's Docket***

The FAAC strips the complaint to two clean federal claims. The core merits question is answerable from existing federal court records and sworn testimony already filed as exhibits — Trdic's Schedule E/F (Exhibit D), her sworn on-the-record admission (Exhibit C, p. 6, Tr. 57:15-22), and the Jan. 9 Order (Exhibit B, p. 5). Docket burden is substantially reduced. This factor is neutral at worst.

***Factor 10 — Forum Shopping***

The Court characterized Plaintiff's choice of forum as seeking "sympathy." The record demonstrates the opposite. Plaintiff had no choice of forum. Civil contempt for violation of this Court's injunction must be brought in this Court. *In re McLean*, 794 F.3d at 1318-19. Moreover, Defendant Trdic was an active, noticed participant in Plaintiff's bankruptcy who forfeited her dischargeability challenge right. The Official Notice of Chapter 7 Bankruptcy Case (Exhibit E, p. 1) shows the § 341 meeting was October 26, 2020. Trdic filed an objection to Plaintiff's Chapter 13 plan, attended the meeting, and filed no dischargeability complaint before the December 28, 2020, deadline. (Exhibit E, p 3.) Having forfeited that right in the proper federal forum, she cannot use a Virginia state court to accomplish what she was barred from doing here. Plaintiff is not seeking sympathy — Plaintiff is seeking enforcement of a permanent federal injunction in the **only court authorized to grant it**. This factor weighs against abstention.

***Factor 11 — Jury Trial***

No jury trial is requested. The Plaintiff seeks an adjudication of civil contempt and the enforcement of the federal discharge injunction, both of which are equitable remedies to be determined by this Court. This factor weighs against abstention.

***Factor 12 — Presence of Non-Debtor Parties***

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

All six Defendants are already subject to the jurisdiction of this Court. Defendants Georgelas, Schmalzle, Houck, and SG Law PLC are represented by Lisa J. Zastrow, Esq., and Garin Law Group. Defendant Lifestyle Associates LLC is represented by Daniel A. Mann, Esq., Cypress Law PLLC, Mesa, Arizona. Defendant Ksenija Trdic appears *pro se* and has previously participated in this bankruptcy proceeding as an active creditor, including personal attendance at the Plaintiff's § 341 Meeting of Creditors on October 26, 2020, and receiving all requisite notices of the bankruptcy case. The presence of these non-debtor parties does not favor abstention — the core of this dispute involves their collective and coordinated actions to violate this Court's specific Discharge Order, making this Court the only logical forum for adjudication. Because all six Defendants are already before this Court, with five represented by Nevada-licensed counsel already familiar with these proceedings, requiring Plaintiff to pursue a separate forum would be duplicative, burdensome, and serve no judicial economy purpose. This factor weighs against abstention.

*Summary*

Under the FAAC and the transcript record now before this Court: Factor 2 reverses from the Court's sharpest abstention finding to weighing against abstention. Factors 4 and 10 now weigh against abstention because Virginia applied the wrong legal standard, Defendant Trdic admitted the key factual predicate under oath on the transcript record, and Defendant Trdic forfeited her dischargeability challenge right. Factors 7 and 8 weigh against abstention. No factor independently justifies abstention from a pure §§ 524/105 enforcement action whose core facts are established by documents and sworn testimony already before this Court.

///

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

# V. JUDICIAL ESTOPPEL DOES NOT APPLY BECAUSE ALL CLAIMS AROSE AFTER THE PETITION DATE

The OSC's footnote 2 notes that Plaintiff's 2020 schedules indicated "No" to claims against third parties. Judicial estoppel requires a prior inconsistent position actually *accepted* by a court. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). No inconsistency exists because the claims did not exist on the petition date.

Plaintiff filed his petition on July 2, 2020, as confirmed by the Official Notice of Chapter 7 Bankruptcy Case (Exhibit E, p. 1). Every act giving rise to these claims occurred after that date:

(a) August 2020 — Trdic's $20,000 judgment filed after the petition date and in violation of the automatic stay;

(b) April-May 2022 — First collection action via perjury and extrinsic fraud on state court, sixteen months after the discharge;

(c) May-December 2025 — SG Law PLC's coordinated collection scheme, five years after the discharge; and

(d) January 9, 2026 — Entry of the Jan. 9 Order (Exhibit B) incorporating discharged debts into a standing Virginia judgment after Virginia reviewed and rejected Plaintiff's discharge objection (Exhibit B, p. 4) and after Defendant Trdic admitted those debts were discharged in her own 2019 bankruptcy (Exhibit C, p. 6, Tr. 57:15-17).

On July 2, 2020, Defendants had not yet filed the motions, committed the perjury, or engaged the law firm that are the subject of this proceeding. Post-petition causes of action are Plaintiff's own property, and their non-disclosure on petition-date schedules creates no estoppel. The Court itself acknowledged: "Property acquired

post-petition by the debtor does not enter the [Chapter 7] estate." (OSC at 6, citing *Suter v. Goedert*, 396 B.R. 535, 541 (D. Nev. 2008).)

## VI.  ABSTENTION WOULD EXTINGUISH, NOT DEFER, THE ONLY AVAILABLE REMEDIES — AND THE HARM IS ONGOING

The harm Plaintiff faces is not hypothetical. The Jan. 9 Order is signed, entered, and being enforced. Each harm is documented in the exhibits now before this Court:

**Passport Seizure**: Plaintiff has been ordered to surrender his passport forthwith, take no action to obtain any replacement, and not apply for international travel documentation without prior court approval. (**Exhibit B**, p. 2, ¶ 3.) This order directly destroys Plaintiff's ability to perform international consulting contracts in Turkey and Dubai — the only documented source of income sufficient to satisfy any legitimate support obligation.

**Incarceration as Explicit Sanction**: The Jan. 9 Order sets a purge plan hearing where "sanctions, which may include incarceration" are explicitly authorized. (Exhibit B, p. 3, ¶ 4 and p. 6, Exhibit B thereto.) Plaintiff bears the burden at that hearing to demonstrate inability to pay a balance that includes $118,857.87 in discharged obligations — obligations Defendant Trdic admitted under oath were discharged in her own 2019 bankruptcy. (**Exhibit C**, p. 6, Tr. 57:15-17.) Plaintiff is being ordered to prove inability to pay a void debt — or face imprisonment. The December 3, 2025, hearing transcript further documents this coercive environment: Plaintiff suffered a medical emergency during the proceedings. Ms. Prentice confirmed on the record that Plaintiff "took the medicine and reacted bad and was sent to the emergency room." (Exhibit C, p. 7B, Tr. 125: 25 & p. 7C, Tr. 126: 1-4.) and Ms. Georgelas

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

confirmed the same (Exhibit C, p. 7C, Tr. 126: 5-6.) Despite this, the Virginia court "authorized the issuance of a capias for Mr. Marni for his leaving the hearing without good cause being demonstrated." (Exhibit C, p. 12, Tr. 135:14-16.) While the capias was being discussed, Defendant Georgelas informed the court: "He may be flying to California soon." (Exhibit C, p. 13, Tr. 136:12-14.) The coordinated "hit and run" strategy played out in real time on the transcript record.

Compounding Interest on Void Obligations: Every day this Court does not act, 6% compounded annual interest continues to accrue on $118,857.87 in discharged obligations. (Exhibit B, p. 5, Exhibit A thereto.) Under 11 U.S.C. § 524(a)(2), interest cannot accrue on discharged obligations because the underlying debt no longer exists. (Exhibit A, pp. 15-16, ¶¶ 96-101.)

**Attorney's Fees Accruing to Trdic**: The Jan. 9 Order imposed $3,000 in attorney's fees payable by March 10, 2026 (Exhibit B, p. 3, ¶ 5). The Virginia court further advised Plaintiff he "may reasonably expect that the Court will award reasonable attorney's fees to Ms. Trdic for work associated with preparation and conduct of the hearing" at the purge proceeding. (Exhibit C, p. 11, Tr. 134:3-6; Exhibit B, p. 6, Exhibit B thereto.) Attorney's fees are accruing in a proceeding premised substantially on discharged debt.

If this Court abstains, the following remedies become permanently unavailable:

(a) **Civil contempt sanctions under § 105(a)** — available only from the court that issued the injunction. The state court declined to adjudicate the federal discharge question under the mandatory *Taggart* standard (Exhibit B, p. 4, handwritten footnote) and lacks the inherent authority to exercise this Court's exclusive power to sanction a willful violation of its own federal discharge order.

(b) **A declaration that the Jan. 9 Order is void ab initio** under § 524(a)(1) — exclusively within this Court's power under *In re Gruntz*, 202 F.3d at 1082. (Exhibit B, p. 5.) Virginia cannot vacate its own order on federal discharge grounds.

(c) **Compensatory and punitive damages** for willful discharge violations under *In re Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015).

(d) **Injunctive relief** against further enforcement of the Jan. 9 Order to the extent it incorporates discharged obligations — a remedy only this Court can fashion.

The Virginia courts cannot grant any of these remedies. They have already ruled using the wrong legal standard. Abstention here does not defer these claims to a more convenient forum — it extinguishes them permanently. No principle of judicial economy or comity supports eliminating a federal cause of action by declining to hear it.

## VII.  CONCLUSION

Plaintiff has shown cause. Specifically:

1. **Exclusive Enforcement Jurisdiction.** Only this Court can enforce its own discharge order through civil contempt and declare a state court judgment void under § 524(a)(1). Virginia received Plaintiff's 21-page formal objection (Exhibit A), reviewed it (Exhibit B, p. 4), declined to adjudicate the federal charges question under the federal *Taggart* standard (Exhibit B, p. 4, handwritten footnote), and entered a void judgment incorporating debts Defendant Trdic admitted under oath were discharged in her own 2019 bankruptcy (Exhibit C, p. 6, Tr. 57:15-17). Virginia has proven itself an inadequate concurrent forum in law and on the transcript record.

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

**2. The Double-Discharge Chain Is Established by Sworn Records and Sworn Testimony.** Defendant Trdic's own Schedule E/F (Exhibit D, entries 4|13 and 4|16, on pages 5 & 6) proves she discharged the Prosper and Circle Bank debts in 2019 and paid $0.00 to both. She confirmed this under oath on the transcript record. (Exhibit C, p. 6, Tr. 57:15-22.) The Jan. 9 Order (Exhibit B, p. 5) establishes $118,857.87 in interest-bearing judgments on those $0.00 obligations. The § 523(a)(15) defense fails on this record under *Lange*. Defendant Trdic herself defeated it under oath.

**3. Section 105(a) Is a Federal Core Claim.** Civil contempt for discharge violations arises under title 11 and belongs in this Court. The Virginia court applied Virginia civil contempt law (Exhibit C, Tr. 128:19-25) — it cannot provide the federal remedy.

**4. The FAAC Cures the Jurisdictional Deficiencies.** All state law claims are removed. Two federal core claims remain. The Court's primary abstention driver — Factor 2 (state law predominance) — reverses under the FAAC. Leave to amend should be freely given.

**5. The Transcript Record Defeats Abstention.** The December 3 hearing transcript (Exhibit C) establishes: Trdic's sworn admission of the double-discharge (Tr. 57:15-22); Georgelas's mislabeling of discharged debts as "child support" and Trdic's own concession they are not (p. 4, Tr. 37:13-14; p. 5, 38:3-4); and the Virginia court's declined to adjudicate (Exhibit B, p. 4, handwritten footnote) . Virginia is not an adequate concurrent forum on the transcript record.

**6. No Judicial Estoppel.** All claims arise from post-petition conduct. Defendant Trdic forfeited her dischargeability challenge right by failing to file before the December 28, 2020, deadline despite active participation in Plaintiff's bankruptcy. (Exhibit E)

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com  Telephone: +1-725-200-2010

7. **Abstention Extinguishes, Not Defers.** Plaintiff faces a standing void judgment (Exhibit B), passport seizure (p. 2, ¶ 3), a capias authorized despite a documented medical emergency (Exhibit C, p. 7B, Tr. 125: 25 & p. 7C, Tr. 126: 1-4), compounding interest on discharged obligations (Exhibit B, p. 5), and a purge hearing with incarceration as a sanction (Exhibit B, p. 6, Exhibit B thereto). No state court can grant the remedies sought. Abstention eliminates them permanently.

Plaintiff respectfully requests that the Court: (1) **vacate** the Order to Show Cause; (2) grant leave to file the First Amended Adversary Complaint; (3) retain jurisdiction over all claims in the FAAC; and (4) set a scheduling conference at the Court's earliest convenience

Dated: May 16, 2026

Respectfully submitted,

RAJ MARNI, *Pro Se* Debtor
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone: +1-725-200-2010

## VIII. EXHIBIT LIST

**Exhibit A** — *Defendant's Objection to Proposed Order Arising from December 3, 2025, Hearing and Scheduled for January 9, 2026, Notice of Federal Bankruptcy Proceedings, Assertion of Lack of Jurisdiction Over Discharged Debts, and Request*

*for Stay of All Proceedings*, filed December 29, 2025, Circuit Court of Loudoun County, Virginia, Case No. CL 107389-01/02. 21 pages.

**Exhibit B** — *Order*, entered January 9, 2026, Circuit Court of Loudoun County, Virginia, Case No. CL 107389-01/02, Judge Sincavage. Includes Exhibit A thereto (debt breakdown table) and Exhibit B thereto (purge plan terms). 6 pages.

**Exhibit C** — *Transcript of Hearing Proceeding*, Trdic v. Marni, Circuit Court of Loudoun County, Virginia, Case No. CL-00107389-01, December 3, 2025, before the Honorable Judge Stephen Sincavage, transcribed by Shaylah Lynn Kiser, CER 1820. Full transcript: 139 pages. Selected pages attached *(see below — full transcript available upon request of the Court)*.

**Exhibit D** — *Voluntary Petition for Individuals Filing for Bankruptcy*, Ksenija Marni (a/k/a Kasey Marni, Ksenija T. Marni), Case No. 19-10603-KHK, United States Bankruptcy Court, Eastern District of Virginia, filed February 26, 2019. Selected pages including Schedule E/F establishing Prosper Marketplace (Entry 4|13, $5,455.00) and MarketPlace Loan Trust/Circle Bank (Entry 4|16, $14,853.00) as discharged consumer debts.

**Exhibit E** — *Official Notice of Chapter 7 Bankruptcy Case — Proof of Claim Deadline Set*, Raj Marni, Case No. 20-13238-MKN, United States Bankruptcy Court, District of Nevada. Establishes petition date (July 2, 2020), § 341 Meeting of Creditors (October 26, 2020), and December 28, 2020, dischargeability challenge deadline.

/ / /

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

# **CERTIFICATION**

I, Raj Marni, hereby certify that on May 16, 2026, I served a true and correct copy of the PLAINTIFF'S RESONSE TO ORDER TO SHOW CAUSE (OSC), including all supporting exhibits, upon the following parties in the manner indicated below:

1. VIA THE COURT'S CM/ECF SYSTEM (Notice of Electronic Filing): Pursuant to the Court's electronic filing procedures and Local Rule 5005, the following registered users were served via the Notice of Electronic Filing (NEF) generated by the CM/ECF system:

- DANIEL A. MANN, ESQ. (contact@cypresslawpllc.com) *Counsel for Defendant Lifestyle Associates, LLC*

- LISA J. ZASTROW, ESQ. (lzastrow@garinlawgroup.com) *Counsel for Defendants Georgelas, Schmalzle, Houck, and SG Law PLC*

2. **VIA USPS FIRST-CLASS MAIL** (Postage Prepaid): A physical, printed copy of the aforementioned document and all exhibits was deposited in the United States Mail, addressed to the following *pro se* party:

- KSENIJA TRDIC 20725 Wood Quay Drive, Unit 469 Sterling, Virginia 20166 *Pro Se Litigant*

3. VIA ELECTRONIC MAIL (Courtesy Copy): In addition to the service methods above, a courtesy copy was transmitted via email to:

- KSENIJA TRDIC (kaseykcm@gmail.com)

- LISA ZASTROW (lzastrow@garinlawgroup.com)

- DANIEL MANN (contact@cypresslawpllc.com)

4. **VIA CONVENTIONAL FILING** (Service to the Court): The original and required paper copies for the Judge's Chambers were delivered to the Clerk of the Court for the United States Bankruptcy Court, District of Nevada:

- United States Bankruptcy Court 300 Las Vegas Blvd. S., Fourth Floor Las Vegas, NV 89101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2026.

RAJ MARNI, *Pro Se* Debtor
17595 Harvard Avenue, C 4009
Irvine, CA 92614
Email: RajMarni@Gmail.Com
Telephone:+1-725-200-2010

Raj Marni, *pro se*
17595 Harvard Avenue, C 4009, Irvine, CA 92614
Email: RajMarni@Gmail.Com. Telephone: +1-725-200-2010

# EXHIBIT - A

**VIRGINIA:**

### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

FILED

2025 DEC 29 P 12: 28

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE: [illegible signature]

| | | |
|---|---|---|
| **KSENIJA TRDIC** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. CL 107389-01/02** |
| | : | |
| **RAJ MARNI** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S OBJECTION TO PROPOSED ORDER ARISING FROM DECEMBER 3, 2025, HEARING AND SCHEDULED FOR JANUARY 9, 2026, NOTICE OF FEDERAL BANKRUPTCY PROCEEDINGS, ASSERTION OF LACK OF JURISDICTION OVER DISCHARGED DEBTS, AND REQUEST FOR STAY OF ALL PROCEEDINGS

COMES NOW the Defendant, Raj Marni, pro se, and hereby provides this Court with URGENT NOTICE regarding a proposed Order scheduled for signature on January 9, 2026, arising from the December 3, 2025, hearing. That proposed December 3, 2025, Order seeks to enforce over $800,000 in claimed arrearages, including over $200,000 in debts that were discharged in Defendant's December 2020 federal bankruptcy. Defendant hereby notifies this Court that federal bankruptcy proceedings divest this Court of jurisdiction over discharged debts and respectfully moves this Court to REFUSE TO SIGN the January 9, 2026, Order and STAY all proceedings pending resolution by the United States Bankruptcy Court, District of Nevada.

1042

## I. NOTICE OF FEDERAL BANKRUPTCY PROCEEDINGS

1. The Defendant hereby notifies this Court that he has provided formal notice to Plaintiff's counsel demanding the immediate withdrawal of the proposed January 9, 2026, Order due to federal discharge violations. If Plaintiff fails to remediate these violations by **December 26, 2025,** Defendant will immediately file an Emergency Motion to Enforce Discharge Injunction, for Temporary Restraining Order, and for Contempt and Sanctions in the United States Bankruptcy Court, District of Nevada in Las Vegas, Case No. 20-13238-MKN.

2. The Nevada Bankruptcy Court has exclusive jurisdiction under 11 U.S.C. § 105(a) to enforce the discharge injunction issued in Defendant's December 2020 Chapter 7 bankruptcy discharge. See Exhibit A.

3. The claims at issue in this Court—specifically the debts listed in the proposed Order dated December 16, 2025—include debts that were discharged in Defendant's bankruptcy and are permanently enjoined from collection under 11 U.S.C. § 524(a)(2).

4. The Bankruptcy Court will determine:

   o a. Which debts were discharged in Defendant's 2020 bankruptcy;

   o b. Whether Plaintiff and her counsel have willfully violated the federal discharge injunction;

   o c. What sanctions, damages, and contempt penalties should be imposed; and

   o d. Whether a Temporary Restraining Order and Preliminary Injunction should issue prohibiting this Court from entering any orders enforcing discharged debts.

## II. THIS COURT LACKS JURISDICTION OVER DISCHARGED BANKRUPTCY DEBTS

### A. The Supremacy Clause Prohibits State Court Enforcement of Discharged Federal Debts

5. Under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, federal bankruptcy law is supreme over state family law.

6. When a debt is discharged in federal bankruptcy, no state court—including this Court—has authority to enforce collection of that debt, regardless of the nature of the state court proceeding.

7. 11 U.S.C. § 524(a)(2) provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

8. This federal discharge injunction is permanent, applies nationwide, and binds all courts, including state family courts.

9. Any order entered by this Court that enforces collection of debts discharged in Defendant's 2020 bankruptcy would be VOID AB INITIO as a violation of the Supremacy Clause.

## B. The Rooker-Feldman Doctrine Prohibits State Courts from Reviewing Bankruptcy Discharges

10. Under the Rooker-Feldman doctrine, state courts lack jurisdiction to review or invalidate federal bankruptcy court orders, including discharge orders.

11. The United States Bankruptcy Court, District of Nevada, issued Defendant's discharge order in December 2020. That order is a final federal court judgment.

12. This Court cannot re-examine, modify, or ignore the bankruptcy discharge order. Only federal courts have jurisdiction to enforce or interpret bankruptcy discharges.

13. If this Court enters an order enforcing debts that the Bankruptcy Court discharged, this Court would be impermissibly reviewing and overriding a federal court judgment in violation of Rooker-Feldman.

## C. 11 U.S.C. § 362 Requires Stay of State Court Proceedings

14. Under 11 U.S.C. § 362(a), the filing of a bankruptcy case creates an automatic stay of "the commencement or continuation... of a judicial, administrative, or other action or proceeding against the debtor... to recover a claim against the debtor."

15. While the automatic stay technically terminates upon discharge, the discharge injunction under § 524(a)(2) continues permanently and has the same effect as a stay.

16. Moreover, when a debtor files a motion to enforce the discharge injunction (as Defendant is doing), the bankruptcy court has authority under § 105(a) to issue a stay of state court proceedings pending resolution of the discharge enforcement motion.

17. The Nevada Bankruptcy Court will likely issue a Temporary Restraining Order staying this Court's proceedings within days of Defendant's filing.

**D. Violation of the Discharge Injunction Constitutes Federal Contempt**

18. Any person—including judges, attorneys, and parties—who knowingly violates the discharge injunction under § 524(a)(2) is subject to contempt sanctions in federal bankruptcy court.

19. In *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019), the United States Supreme Court held that the standard for civil contempt for violating the discharge injunction is whether there is "no fair ground of doubt as to whether the order barred the creditor's conduct." See Exhibit E.

20. Once a creditor, attorney, or court is put on notice of a bankruptcy discharge, there is "no fair ground of doubt" that collection efforts violate the discharge injunction.

21. This Court, Plaintiff, and Plaintiff's counsel are hereby on NOTICE that Defendant received a Chapter 7 discharge in December 2020 that discharged the debts at issue in this case.

22. Any further proceedings to collect those discharged debts—including entry of the proposed December 3, 2025, Order—will constitute willful violation of the discharge injunction subject to contempt, sanctions, compensatory damages, and punitive damages in federal bankruptcy court.

## III. THE SPECIFIC DEBTS AT ISSUE ARE DISCHARGED UNDER FEDERAL LAW

**A. The December 3, 2025, Proposed Order Seeks to Enforce Discharged Debts**

23. The proposed Order dated December 3, 2025, which is scheduled for this Court's signature on January 9, 2026, purports to establish arrearages totaling $863,419.73, including:

- o a. "Total Debts Owed to Former Wife" - $214,532.54

- o b. "Total Support Debts Owed to Daughter" - $63,356.63

- o c. "Total Support Debts Owed to Son" - $17,850.88

- o d. "Spousal Support" - $441,185.70

- o e. "Child Support" - $63,493.98

24. Many of these claimed debts were discharged in Defendant's December 2020 Chapter 7 bankruptcy and are permanently enjoined from collection.

25. Specifically, the line item "Total Debts Owed to Former Wife" ($214,532.54) includes property settlement obligations from the parties' divorce decree that were discharged under 11 U.S.C. § 523(a)(15).

**B. Property Settlement Debts Are Dischargeable in Chapter 7 Under *Lange v. Lange***

26. Under 11 U.S.C. § 523(a)(15), property settlement debts arising from divorce—including "hold harmless" and indemnification obligations—are generally non-dischargeable in Chapter 7 bankruptcy. See Exhibit D,

27. However, in *Lange v. Lange*, No. 09-10819 (Bankr. W.D. Tex. Nov. 3, 2010), the bankruptcy court held that hold harmless obligations are non-dischargeable **"only to the extent that the creditor/claimant obtains payment and/or a money judgment against"** the protected spouse.

28. In other words, if the spouse claiming indemnification never actually paid the underlying creditor and has no judgment against them, then the indemnification obligation is **FULLY DISCHARGED.**

29. This rule is grounded in basic indemnification law: you cannot claim indemnification for a loss you never suffered.

**C. Plaintiff Discharged Her Own Debts in 2019 and Paid $0 to Creditors**

30. In 2019, Plaintiff Ksenija Trdic filed for Chapter 7 bankruptcy in the United States Bankruptcy Court (Case No. 19-10603-KHK). See Exhibit B.

31. In her 2019 bankruptcy schedules, Plaintiff listed the following debts (and others):

   o   a. Prosper Marketplace, account ending in ****4045, balance of $5,455

   o   b. Marketplace Loan Trust (Circle Bank), account ending in ****8038, balance of $14,853

32. Plaintiff received a discharge of these debts in her 2019 bankruptcy.

33. After her 2019 discharge, Plaintiff paid **$0.00** to Prosper or Circle Bank.

34. After her 2019 discharge, Prosper and Circle Bank cannot legally collect from Plaintiff— she has a permanent federal discharge injunction protecting her from collection.

35. Despite this, Plaintiff is now seeking to collect from Defendant:

   o   a. Approximately $23,500 for the Prosper loan (originally $5,455)

   o   b. Approximately $62,000 for the Circle Bank loan (originally $14,853)

   o   See Exhibit C for Anatomy of Ksenija Trdic Bankruptcy Fraud.

**D. Under *Lange*, Plaintiff Has No Non-Dischargeable Claim**

36. Under *Lange v. Lange*, because Plaintiff:

   o   a. Paid $0 to Prosper and Circle Bank.

   o   b. Has no judgment against her from these creditors; and

   o   c. Can never be sued by these creditors (due to her own discharge);

She has **NO** non-dischargeable claim for indemnification against Defendant.

37. The indemnification obligation was **FULLY DISCHARGED** in Defendant's 2020 bankruptcy.

38. Any attempt to collect these amounts violates 11 U.S.C. § 524(a)(2).

**E. Additional Discharged Debts Included in the $214,532.54**

39. The $214,532.54 "Total Debts Owed to Former Wife" also includes other property settlement obligations that were discharged in Defendant's 2020 bankruptcy, including:

   o a. Car payment obligations (Plaintiff never paid the lender);

   o b. Alleged "home purchase" obligation of $30,000 (Plaintiff never purchased a home—this debt does not exist); and

   o c. Other hold harmless obligations where Plaintiff paid $0 to creditors.

40. Under *Lange*, all of these obligations were fully discharged because Plaintiff never paid the underlying creditors.

## F. The "Support Debts Owed to Daughter" Are Also Discharged

41. The proposed Order claims $63,356.63 in "Support Debts Owed to Daughter."

42. This line item includes Parent Plus Loan obligations.

43. However, the Parent Plus Loan is in Defendant's name and the daughter's name—**NOT** in Plaintiff's name.

44. Plaintiff has no legal obligation to the Parent Plus Loan lender and cannot be sued by that lender.

45. Under *Lange*, because Plaintiff has no obligation to the lender and paid $0, she has no claim for indemnification.

46. This claimed debt was also fully discharged in Defendant's 2020 bankruptcy.

## G. Mischaracterization of Property Settlement as "Support"

47. Plaintiff and her counsel have systematically mischaracterized dischargeable property settlement obligations as non-dischargeable "support" obligations.

48. Under 11 U.S.C. § 523(a)(5), domestic support obligations (DSOs)—such as child support and alimony—are non-dischargeable.

1048

49. Under 11 U.S.C. § 523(a)(15), property settlement obligations—such as hold harmless and indemnification for marital debts—are dischargeable in Chapter 7 (subject to certain exceptions not applicable here).

50. The Prosper loan, Circle Bank loan, car payments, home purchase obligation, and Parent Plus Loan are property settlement debts under § 523(a)(15), NOT support under § 523(a)(5).

51. Plaintiff's counsel's mischaracterization of these debts as "support" constitutes fraud on this Court.

## IV. PLAINTIFF AND HER COUNSEL CONCEALED MATERIAL FACTS FROM THIS COURT

### A. The December 3, 2025, Hearing Was Based on False Evidence

52. At the hearing on December 3, 2025, Plaintiff's counsel presented evidence and arguments seeking over $800,000 in arrearages.

53. Plaintiff's counsel failed to disclose to this Court:

- o   a. Plaintiff's 2019 bankruptcy discharge of Prosper and Circle Bank debts;

- o   b. Defendant's 2020 bankruptcy discharge;

- o   c. The *Lange v. Lange* case, which is directly adverse legal authority;

- o   d. The fact that Plaintiff paid $0 to the creditors she now seeks indemnification for; or

- o   e. The federal discharge injunction under 11 U.S.C. § 524(a)(2).

54. This constitutes extrinsic fraud on this Court because Plaintiff and her counsel intentionally withheld material facts that prevented this Court from accurately determining what amounts are actually owed.

### B. The Proposed Order Is the Product of Fraud on the Court

55. The proposed Order dated December 3, 2025, is based on the false evidence presented on December 3, 2025. See Exhibit F.

56. If this Court signs the proposed Order, it will:

1049

    o    a. Enforce debts that are discharged under federal bankruptcy law;

    o    b. Violate the Supremacy Clause of the U.S. Constitution;

    o    c. Violate the federal discharge injunction under § 524(a)(2);

    o    d. Enter an order that is VOID AB INITIO and subject to immediate vacation; and

    o    e. Potentially subject this Court to federal bankruptcy court sanctions.

## C. Plaintiff's Counsel Is Withdrawing After Obtaining Fraudulent Order

57. The proposed Order provides that "Christin Georgelas, Esquire, and any attorney of the SG Law, PLC are hereby discharged as counsel of record for the Plaintiff."

58. Plaintiff's counsel is attempting to withdraw AFTER obtaining a fraudulent order establishing over $800,000 in arrearages, but BEFORE the order can be challenged or corrected.

59. This demonstrates counsel's knowledge that the order violates federal bankruptcy law and that sanctions are likely.

60. Under Virginia Rule of Professional Conduct 3.3(a)(1), counsel has a mandatory duty to "correct a false statement of material fact or law previously made to the tribunal by the lawyer."

61. Withdrawal does not cure counsel's violations or eliminate the duty to correct false statements already made to this Court.

## V. LEGAL AUTHORITY SUPPORTING STAY

### A. Federal Supremacy Mandates Stay

63. Under the Supremacy Clause, when state and federal law conflict, federal law prevails.

64. The federal discharge injunction under § 524(a)(2) prohibits collection of discharged debts.

65. This Court must defer to federal bankruptcy law and stay proceedings to avoid violating the discharge injunction.

1050

**B. Comity and Federalism Support Stay**

66. Principles of comity between state and federal courts support a stay.

67. The Bankruptcy Court is the proper forum to determine which debts were discharged and whether the discharge injunction has been violated.

68. This Court should stay proceedings pending the Bankruptcy Court's determination to avoid conflicting rulings.

**C. Prevention of Irreparable Harm**

69. "If this Court proceeds with collection efforts on discharged debts, Defendant will suffer irreparable harm, including wage garnishment, passport seizure, potential incarceration, enforcement of void orders, and violation of federal constitutional rights. A stay is necessary to prevent this irreparable harm pending the Bankruptcy Court's ruling

70. A stay is necessary to prevent this irreparable harm pending the Bankruptcy Court's ruling.

## VI. WARNING OF FEDERAL CONSEQUENCES

**A. Consequences for Plaintiff, Her Counsel, SG Law PLC and its Partners and Associates.**

71. Defendant has provided formal notice to the following parties that an Emergency Motion will be filed in the Nevada Bankruptcy Court naming them as defendants if the proposed Order is not withdrawn by the December 26, 2025, deadline: (See Exhibits H and I.)

   o a. Ksenija Trdic (Plaintiff)

   o b. Christin L. Georgelas, Esq. (Plaintiff Counsel)

   o c. SG Law PLC (Counsel Law Firm)

   o d. Ryan Schmalzle, individually and as partner of SG Law PLC

   o e. Megan Houck, individually and as associate of SG Law PLC

72. That motion seeks:

1051

    o   a. Compensatory damages for emotional distress, lost wages, and attorney's fees;

    o   b. Punitive damages for willful discharge injunction violations;

    o   c. Contempt sanctions;

    o   d. Temporary Restraining Order and Preliminary Injunction;

    o   e. Permanent injunction prohibiting further collection efforts; and

    o   f. Referral of Plaintiff's counsel to the Virginia State Bar for ethics violations.

73. Under *In re McLean*, 794 F.3d 1313 (11th Cir. 2015) and *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019), compensatory and punitive damages for discharge injunction violations can exceed $100,000 per defendant. See Exhibit E.

**B. Potential Consequences for This Court**

74. While Defendant has the utmost respect for this Court and does not seek sanctions against the Court, Defendant must respectfully notify the Court that:

- Defendant respectfully submits that the Proposed Order, if entered, would be subject to collateral attack in the United States Bankruptcy Court. Under the Supremacy Clause and *In re Gruntz*, orders entered in violation of a federal discharge injunction are void *ab initio*. To preserve judicial economy and avoid a jurisdictional conflict between the state and federal courts, Defendant requests this Court stay entry of the order until the Bankruptcy Court clarifies the discharge status of these specific debts.

## VII. ALL CLAIMED ARREARAGES MUST BE VALIDATED BY BANKRUPTCY COURT BEFORE STATE COURT ENFORCEMENT

**A. Bankruptcy Court Has Exclusive Jurisdiction to Determine Dischargeability**

76. Under 11 U.S.C. § 523(c) and controlling Ninth Circuit precedent, the United States Bankruptcy Court has exclusive jurisdiction to determine whether debts were discharged in bankruptcy.

77. In *In re Stringer*, 847 F.2d 549 (9th Cir. 1988), the Ninth Circuit held that bankruptcy courts have exclusive jurisdiction over dischargeability determinations, and state courts must defer to bankruptcy court rulings on what debts survived discharge.

78. In *Brown v. Felsen*, 442 U.S. 127 (1979), the Supreme Court held that bankruptcy courts conduct independent inquiries into dischargeability and are not bound by state court characterizations of debts.

## B. Plaintiff Has Systematically Commingled Discharged and Non-Discharged Debts

79. The proposed Order claims over $800,000 in "arrearages" without segregating:

- o a. Legitimate domestic support obligations (non-dischargeable under § 523(a)(5)); from

- o b. Property settlement obligations (dischargeable under § 523(a)(15)).

80. Plaintiff has systematically mischaracterized dischargeable property settlement debts as non-dischargeable "support," including:

- o a. "Total Debts Owed to Former Wife" ($214,532.54) - labeled as "support" but actually property settlement;

- o b. "Support Debts Owed to Daughter" ($63,356.63) - includes Parent Plus Loan not in Plaintiff's name;

- o c. Portions of "Spousal Support" ($441,185.70) - may include discharged property settlement.

81. This Court cannot determine which claimed amounts are legitimate support versus discharged property settlement without a bankruptcy court determination.

## C. Validation Required Before Any Enforcement

82. Because Plaintiff has:

o   a. Concealed her 2019 bankruptcy discharge from this Court;

o   b. Concealed Defendant's 2020 bankruptcy discharge from this Court;

o   c. Mischaracterized discharged property settlement as "support";

o   d. Commingled discharged debts with legitimate support obligations;

o   e. Failed to segregate what she actually paid versus what she claims; and

o   f. Failed to provide accurate calculations;

This Court **CANNOT** determine what amounts, if any, are actually owed without first obtaining a bankruptcy court validation.

83. The Bankruptcy Court must determine:

o   a. Which claimed "support" debts are actually dischargeable property settlement;

o   b. Which debts Plaintiff actually paid (versus discharged in her 2019 bankruptcy);

o   c. Whether the Parent Plus Loan creates any liability (when Plaintiff is not on the loan);

o   d. Whether the $30,000 "home purchase" debt exists at all;

o   e. What amounts, if any, survive Defendant's 2020 discharge;

o   f. What the correct arrearage calculation is after removing discharged amounts.

**D. State Court Lacks Jurisdiction to Make Dischargeability Determinations**

84. Under the Rooker-Feldman doctrine and 11 U.S.C. § 523(c), this Court lacks jurisdiction to determine which debts were discharged in bankruptcy.

85. This Court cannot:

o   a. Re-characterize property settlement debts as "support" to avoid federal discharge;

1054

- o   b. Determine that debts labeled "support" are non-dischargeable without bankruptcy court validation;

- o   c. Enforce collection of amounts without first segregating discharged from non-discharged debts; or

- o   d. Override the bankruptcy court's discharge order.

86. Any attempt by this Court to enforce arrearages without first obtaining bankruptcy court validation would violate:

- o   a. The Supremacy Clause (federal law supreme);

- o   b. Rooker-Feldman (state courts can't review federal judgments);

- o   c. 11 U.S.C. § 524(a)(2) (discharge injunction); and

- o   d. 11 U.S.C. § 523(c) (exclusive bankruptcy court jurisdiction).

**E. Burden Has Shifted to Plaintiff to Prove Debts Survived Discharge**

87. Under federal bankruptcy law, once a debtor raises the bankruptcy discharge as a defense, the burden shifts to the creditor to prove that the claimed debts:

- o   a. Were not discharged in bankruptcy; OR

- o   b. Fall within an exception to discharge under § 523(a)(5) (domestic support obligations).

88. Plaintiff cannot meet this burden in state court because:

- o   a. Only the bankruptcy court can make dischargeability determinations;

- o   b. Plaintiff has concealed material facts (her own discharge, Lange case law);

- o   c. Plaintiff has systematically mischaracterized debts;

- o   d. State court labels ("support") don't control federal dischargeability.

89. Plaintiff must return to the bankruptcy court and prove which debts, if any, survived discharge.

**F. All Enforcement Must Be Stayed Pending Bankruptcy Court Validation**

90. Because the claimed arrearages include an unknown mixture of:

- o    a. Legitimate support (possibly non-dischargeable);

- o    b. Property settlement (discharged under *Lange*);

- o    c. Fabricated debts (home purchase that never occurred);

- o    d. Debts Plaintiff discharged herself in 2019;

- o    e. Debts Plaintiff has no obligation to pay (Parent Plus Loan);

This Court **MUST STAY ALL ENFORCEMENT** pending bankruptcy court validation of what amounts, if any, actually survived discharge.

91. This includes staying:

- o    a. Wage garnishment;

- o    b. Passport seizure;

- o    c. Contempt proceedings;

- o    d. Incarceration hearings;

- o    e. Any collection efforts on any claimed arrearages.

92. Until the bankruptcy court validates which debts are legitimate support versus discharged property settlement, this Court has no basis to enforce collection of any amounts.

### G. Plaintiff Must Seek Dischargeability Determination in Bankruptcy Court

93. Under 11 U.S.C. § 523(c), if Plaintiff believes certain debts are non-dischargeable domestic support obligations, she must:

- o    a. File an adversary proceeding in the bankruptcy court;

- o    b. Prove that specific debts fall within the § 523(a)(5) exception;

- o    c. Obtain a bankruptcy court judgment of non-dischargeability;

- o    d. THEN return to state court with validated amounts.

94. Plaintiff cannot bypass this federal requirement by simply labeling everything "support" in state court.

95. The bankruptcy court—not this Court—is the proper forum to determine what was discharged.

## H. Interest on Discharged Debts Cannot Accrue Under Federal Law

96. Virginia Code provides for 6% annual interest on judgment debts. However, federal bankruptcy law is supreme under the Supremacy Clause.

97. Under 11 U.S.C. § 524(a)(2), once a debt is discharged, NO interest can accrue on that debt after the discharge date—not because the interest rate changes, but because the underlying debt no longer exists.

98. The proposed Order applies Virginia's 6% interest rate to $214,532.54 in "Total Debts Owed to Former Wife." However, these debts were discharged in Defendant's December 2020 bankruptcy. The discharge reduced these debts to $0.

99. You cannot charge 6% interest on $0.

100. Therefore, any interest calculations on the discharged property settlement obligations are void under federal law—not because bankruptcy changes Virginia's interest rate, but because bankruptcy eliminated the debts to which Virginia's rate would apply.

101. Before any interest can be enforced, the Court must first obtain bankruptcy court validation of which obligations are legitimate support (non-dischargeable and subject to Virginia's 6% rate) versus property settlement (discharged, with no debt remaining to charge interest on).

## I.    Notice to Division of Child Support Enforcement

102. Defendant has provided separate written notice to Anne Prentice, Esquire, Assistant Attorney General for the Division of Child Support Enforcement (DCSE), regarding the federal discharge injunction violations contained in the proposed Order. See Exhibit G.

103.     **That notice specifically informs DCSE Counsel Ms. Prentice of:**

a. DCSE's independent duty as a Commonwealth agency to investigate before entering amounts into the DCSE payment system not subject to Defendant's Bankruptcy Federal Injunction;

b. The fact that **"the judge signed it"** does not shield DCSE as an organization or Ms. Prentice individually from liability for knowingly enforcing discharged debts;

c. Her heightened ethical obligations as a government lawyer under Virginia Rule 3.8;

d. The requirement to await bankruptcy court validation under 11 U.S.C. § 523(c) before any DCSE enforcement;

e. Both DCSE and Ms. Prentice's potential personal liability for compensatory and punitive damages under *In re McLean* and *Taggart v. Lorenzen*.

104.     State sovereign immunity does not protect DCSE from liability for willful violations of federal bankruptcy discharge injunctions. Under the Supremacy Clause, federal bankruptcy law is supreme, and state agencies that knowingly violate federal discharge injunctions can be held in contempt and subject to sanctions in bankruptcy court.

105.     DCSE is hereby on notice that any enforcement actions taken pursuant to the proposed January 9, 2026 Order—including entering amounts into the DCSE payment system, initiating wage garnishment, processing passport holds, or taking any collection action—will constitute willful violations of 11 U.S.C. § 524(a)(2) and will subject both

1058

DCSE as an organization and Ms. Prentice individually to challenges in the United States Bankruptcy Court, District of Nevada.

106.     Under federal bankruptcy law, neither DCSE nor Ms. Prentice can blindly enforce a state court order that violates the federal discharge injunction. Both the agency and its counsel have an independent duty to investigate and determine which amounts, if any, are legitimate domestic support obligations versus discharged property settlement debts before initiating any collection.

## VIII. CONCLUSION AND PRAYER FOR RELIEF

107.     The debts at issue in this case were discharged in Defendant's December 2020 Chapter 7 bankruptcy.

108.     Federal bankruptcy law—specifically the discharge injunction under 11 U.S.C. § 524(a)(2)—prohibits any collection of these debts.

109.     This Court lacks jurisdiction over discharged federal bankruptcy debts under the Supremacy Clause, Rooker-Feldman doctrine, and § 362.

110.     Plaintiff and her counsel concealed the bankruptcy discharges from this Court, constituting extrinsic fraud.

111.     The proposed Order scheduled for signature on January 9, 2026 is the product of this fraud and would be void if entered.

112.     The United States Bankruptcy Court, District of Nevada, is the proper forum to enforce the discharge injunction and determine sanctions.

113.     Because Plaintiff has systematically commingled discharged property settlement debts with legitimate support obligations, the bankruptcy court must first validate which amounts, if any, survived discharge before this Court can enforce any arrearages.

114.    Defendant respectfully moves this Court to STAY all proceedings and REFUSE TO SIGN the proposed Order. Defendant has provided Plaintiff's counsel with the opportunity to remediate these violations and withdraw the Order by December 26, 2025. Should Plaintiff fail to do so, Defendant will seek immediate injunctive relief and contempt sanctions from the United States Bankruptcy Court for the District of Nevada, located in Las Vegas, to protect the integrity of the federal discharge.

**WHEREFORE**

Defendant Raj Marni respectfully OBJECTS to the proposed Order scheduled for January 9, 2026, and requests that this Honorable Court:

1. SUSTAIN Defendant's Objection and REFUSE TO SIGN the proposed Order scheduled for signature on January 9, 2026.
2. STAY all proceedings in this matter pending resolution of the Emergency Motion to Enforce Discharge Injunction filed in the United States Bankruptcy Court, District of Nevada, Case No. 20-13238-MKN.
3. VACATE any findings or orders from the December 3, 2025, hearing that purport to establish liability for discharged bankruptcy debts;
4. STRIKE all claims for amounts discharged in Defendant's 2020 bankruptcy;
5. ORDER Plaintiff and counsel to file amended pleadings excluding discharged debts;
6. PROHIBIT all collection efforts on discharged debts;
7. CONTINUE the March 11, 2026 hearing pending Bankruptcy Court resolution;
8. ORDER that no amounts can be enforced until the United States Bankruptcy Court, District of Nevada, has validated which claimed arrearages, if any, survived Defendant's December 2020 discharge;

9. REQUIRE Plaintiff to file an adversary proceeding in bankruptcy court pursuant to 11 U.S.C. § 523(c) to determine dischargeability before any collection can proceed in this Court;

10. STAY all enforcement proceedings (including wage garnishment, passport seizure, contempt, and incarceration) pending bankruptcy court validation of arrearages;

11. PROHIBIT DCSE from collecting any amounts until bankruptcy court determines which debts, if any, are collectible domestic support obligations versus discharged property settlement;

12. STRIKE the proposed Order's arrearage calculations as premature and lacking bankruptcy court validation;

13. Grant such other relief as the Court deems just and proper.


Respectfully submitted,

Raj Marni, Pro Se
17595 Harvard Avenue, #C 4009, Irvine, CA 92614
+1-725-200-2010.
RajMarni@Gmail.Com


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2025, a true and accurate copy of the foregoing DEFENDANT'S OBJECTION TO PROPOSED ORDER ARISING FROM DECEMBER 3, 2025, HEARING AND SCHEDULED FOR JANUARY 9, 2026, NOTICE OF FEDERAL BANKRUPTCY PROCEEDINGS, ASSERTION OF LACK OF JURISDICTION OVER DISCHARGED DEBTS, AND REQUEST FOR STAY OF ALL PROCEEDINGS along with EXHIBITS A THROUGH I (including the full opinions of *Lange v. Lange* and *Taggart v.*

*Lorenzen*), was served upon the following parties via Facsimile (as requested by counsel Ms.

Georgelas), USPS Mail, and also via Email to SG Law PLC Partners and Associates:

Christin L. Georgelas, Esq.
SG Law PLC
102 North King Street, Leesburg, Virginia 20175
USPS and Fax: (571)-977-2363.

Ryan Schmalzle, Esq.
SG Law PLC
102 North King Street, Leesburg, Virginia 20175
ryan@sglawplc.com

Megan Houck, Esq.
SG Law PLC
102 North King Street, Leesburg, Virginia 20175
megan@sglawplc.com

Anne Prentice, Esq.
Assistant Attorney General
202 N. 9th Street, 4th Floor, Richmond, VA 23219
anne.prentice@dss.virginia.gov

Raj Marni, Pro Se
17595 Harvard Avenue, #C 4009, Irvine, CA 92614
+1-725-200-2010
RajMarni@Gmail.Com

# EXHIBIT - B

Page 1

VIRGINIA:

### IN THE CIRCUIT COURT OF LOUDOUN COUNTY

KSENIJA TRDIC, )
)
              Plaintiff, )
)
v. )    Civil Action No. _CL 107389-01;-02
)
RAJ MARNI, )
)
             Defendant. )

### ORDER

**THIS CAUSE** came on to be heard on the 3rd day of December, 2025 upon the Plaintiff's, Ksenija Trdic's Affidavit and Petition for Rule to Show Cause against the Defendant, Raj Marni, and Motion for Order Establishing Arrearage Amounts; and upon presentation of evidence and argument of counsel/parties; and

**IT APPEARING TO THE COURT** that the Defendant (hereinafter "Former Husband") is in arrears as alleged by the Plaintiff (hereinafter "Former Wife") in the following amounts:

1. Child Support – $63,493.98* as of November 30, 2025 plus the judgment rate of interest until paid in full.

2. Spousal Support – $441,185.70* as of November 30, 2025 plus the judgment rate of interest until paid in full.

3. Total Debts Owed to Former Wife - $214,532.54 as of November 30, 2025 plus interest until paid in full.

4. Total Support Debts Owed to Daughter - $63,356.63 as of November 30, 2025, plus interest owed until paid in full.

I

Trdic v. Marni
CL107389-02

*Amount includes principal and interest
RM

## Page 2

5. Total Support Debts Owed to Son- $17,850.88 as of November 30, 2025.

*The details of each exact debt that is owed and the interest rate for each debt are set forth on the attached Exhibit "A", which is incorporated herein by reference.

**WHEREUPON,** upon review by this Honorable Court, it is hereby,

**ADJUDGED and ORDERED and DECREED** as follows:

1. The Former Husband is hereby in CONTEMPT of court for failure to timely pay his ongoing spousal support obligation to the Former Wife, for failure to maintain life insurance without lapse, and for failure to provide medical, dental and vision health coverage insurance for the Former Wife as required by the parties' Final Order of Divorce; and

2. Child and Spousal Support Arrearages -- The Former Husband is hereby ORDERED to pay the arrearages to the Former Wife through the Division of Child Support Enforcement (hereinafter "DCSE") for so long as permitted by DCSE, and directly to the Former Wife thereafter. Any payments made by the Former Husband shall be credited to current obligations first, with any payments in excess of the current obligation applied to child support arrearages and then spousal support arrearages. Interest on any arrearages shall be at the judgment rate of interest, which is currently 6% annual interest.

3. The Former Husband shall surrender forthwith to the clerk of the court his passport (in the event he has not surrendered it as of the entry of this Order). The Former Husband shall take no action or direct anyone to take any action on his behalf to have any new or replacement passport issued. The Defendant shall not apply or attempt to obtain a new passport or international travel documentation in an attempt to leave the United States of America without prior court approval.

2

*Trdic v. Marni*
*CL107389-02*

**Page 3**

4. This matter is hereby CONTINUED to March 11, 2026 for 90 minutes, separate from the current 90 minutes already set, for the Former Husband to present his purge plan and/or imposition of sanctions, which may include incarceration, related to the contempt finding of this Order. The Former Husband is hereby put on NOTICE of the terms and requirements set forth on attached Exhibit "B" related to the presentation of evidence and testimony related to his purge plan. The terms of Exhibit "B" are hereby incorporated herein by reference as if set forth herein in full, and the Former Husband is hereby ORDERED to comply therewith.

5. Attorney's Fees: The Former Husband is hereby ORDERED to pay attorney's fees and costs in the amount of $3,000 related to the filing of this matter, which shall be paid directly to the Former Wife on or before March 10, 2026.

**IT IS FURTHER ORDERED** that, after entry of this Order, Christin Georgelas, Esquire, and any attorney of the *SG Law, PLC* are hereby discharged as counsel of record for the Plaintiff, and ~~Anne Prentice, and any attorney of~~ the Division of Child Support Enforcement is hereby ~~withdrawn as counsel~~ removed as a party in this matter.

**THIS CAUSE IS CONTINUED to MARCH 11, 2026 at 9:00 AM.**

**ENTERED** 9 **day of** January , 2026

_____
**JUDGE**

SEEN AND _____:

SG Law, PLC
Counsel for Plaintiff
102 North King Street
Leesburg, Virginia
571-977-2345 - telephone
571-977-2363 – facsimile

BY:

3

*Trdic v. Marni*
CL107389-02

# Page 4

Christin L. Georgelas, Esq., VSB 78456
christin@sglawplc.com


SEEN AND _____:

_____ Rule 1:13 did not appear noticed +
Raj Marni, Pro Se Defendant



SEEN AND _____:

_____
Anne Prentice, Esq., VSB No. 65844

Counsel for the Division of Child Support Enforcement

*The Court has reviewed Mr. Marni's "Objection to Proposed Order...." regarding this Order, filed 12/29/25, and the Court is not persuaded that this Order should not be entered.

4

*Trdic v. Marni*
*CL107389-02*

Page 5



### Summary of Child Support Debts Owed

| Subject of Arrearage | Interest Amount | Current Total Owed | Who Debt is Owed To |
|---|---|---|---|
| Parent Plus Loan (Daughter's student loan) | 7.6% | $57,200.32 | Ms. Trdic |
| Son's College Loan (Year 1) | 6% (Compounded) | $12,536.69 | Ms. Trdic |
| Daughter's Support | 6% (Compounded) | $14,335.49 | Daughter |
| Daughter's Support (Student Loan) | 5.05% | $37,863.55 | Daughter |
| Daughter's Support (Car) | 6% (Compounded) | $11,157.59 | Daughter |
| Son's College Loan (Year 3&4) Owed to Ms. Trdic | | $25,937.66 | Ms. Trdic |
| Son's College Loans (Years 3/4) | | $17,850.88 | Son |

### Summary of Debts Owed to Ms. Trdic

| Subject of Arrearage | Interest Amount | Current Total Owed |
|---|---|---|
| Prosper Loan | 6% (Compounded) | $24,299.42 |
| Circle Bank | 6% (Compounded) | $64,022.65 |
| Car Payment | 6% (Compounded) | $30,535.80 |
| TOTAL | | $118,857.87 |



**EXHIBIT**

**B**

# Page 6

01 Set 3/11/26 9 a.m. for 90 minutes SEPARATE FROM 90 MIN ALREADY SET.for purge plan and/or imposition of sanctions, which may include incarceration.

You are put on notice that on 3/1126 at 9:00 it will be your burden to demonstrate an inability to pay and reasons for not paying support as the Court has ordered, both in current payments and to address arrears. and for not maintaining life ins and health ins coverage as the Court has ordered,

You should be prepared to present information and respond to questions about your financial status at the hearing, including your ability to make the payments required of you pursuant to this Court's orders using the income, assets, and or resources available to you.

Your financial status includes a full exposition of income and expenses, assets and debts. It includes information about your efforts to gain employment, including but not limited to documentation of applications and interviews, the position sought in an application or interview, the potential employer, the salary or pay rate for the jobs sought. You are ordered to take reasonable and diligent action in securing employment. The Court advises that you are to reasonably consider available employment even if it does not meet all your income, job description , or professional desires. A job making 80K or 40 K is better than no job at all. One can still seek more gainful employment while already employed. Work release is always an option available to the Court.

At the hearing, the Court will expect that any testimony you provide about your financial circumstances/ job search that is reasonably feasibly supported by documentation, will have documentation offered in support thereof. Any documentation that you intend to offer to the Court in support of your exposition of your ability or inability to pay must be provided to Ms. Trdic's counsel, if she has counsel at the time, or directly to Ms. TRdic, if she does not, by Feb 25, 2026. Any documentation that is not provided by that date will not, except for good cause shown, be eligible for admission at the hearing on March 11.

The direction to provide this information does not preclude Ms TRdic, whether thru her atty or if she is pro se, from seeking discovery under the Rules of the Supreme Court of Virginia.

Any testimony that you provide will be taken under oath under penalty of perjury. You may reasonably expect that the Court or counsel will inquire as to whether you have provided a full exposition of your financial circumstances.

You may reasonably expect that the Court will award reasonable attorney's fees to Ms. TRdic for work associated with preparation and conduct of the hearing on 3/11 26.

# EXHIBIT - C

VIRGINIA

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

------------------------------------X

KSENIJA TRDIC

         Plaintiff,

vs.                  CL-00107389-01

RAJ MARNI

         Defendant/Counter-Claimant,

vs.

DCSE (Intervenor), KSENIJA TRDIC

         Counter-Defendants.

------------------------------------X

TRANSCRIPT OF HEARING PROCEEDING

Wednesday, December 3, 2025

10:01 a.m.

18 E. Market Street

Leesburg, Virginia 20178

BEFORE THE HONORABLE JUDGE STEPHEN SINCAVAGE

Job No.: 251203

Pages: 1 - 139

Transcribed by: Shaylah Lynn Kiser, CER 1820

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF

CHRISTIN L. GEORGELAS, Esquire

SG LAW, PLC

102 North King Street

Leesburg, Virginia 20176

(571) 977-2345 (Office)

(571) 977-2363 (Facsimile)

ON BEHALF OF THE DEFENDANT

RAJ MARNI, Pro se

3349 Michelson Drive, Suite 200

Irvine, California 92612

(725) 200-2010

ON BEHALF OF DCSE

ANNE PRENTICE, Esquire

OFFICE OF THE ATTORNEY GENERAL, DCSE

202 North 9th Street, 4th Floor

Richmond, Virginia 23219

(540) 722-7528 (Office)

ALSO PRESENT

KRISTI MCDONALD

VA DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE)

thing that's remaining, according to the federal court injunction, was the child support and the spousal support, those are non-dischargeable.

Others are all discharged, and I have produced that statement of discharge to the plaintiff in the past. So she—when she went in front of Judge Irby in April of 2022, she included all the discharged debt, and she got an order from Judge Irby.

With all respect to the state courts, Your Honor, I don't have the power to override a federal injunction. The bankruptcy is a federal injunction. So, the sheet Ms. Georgelas gave to you, Your Honor, the Parent Loan, the Prosper Loan, the Circle Bank, and the car payments, these are all debts that are discharged.

So, Judge Irby was presented with an affidavit, this not misleading affidavit, and then that is what my position is, Your Honor. That's what I will present to this court. Secondly, Your Honor, I am right now on Social Security benefits of $1,800 a month. Half of which goes to the plaintiff. I have a contract, Your Honor, in Turkey and Dubai. I have produced to the counsel and to the plaintiff, where I can make a lot of money. And I need that passport. Then, the contract was presented to both of them.

Then, on March 1st, 2019, Your Honor, that's the

26. If you skip past the first page. These are all the other various loans that were listed in the April 2022 order, correct?

A.      Correct.

Q.      And these—

THE COURT:      Were on 26?

MS. GEORGELAS:      Twenty-six.

THE COURT:      I've got child support arrearages.

MS. GEORGELAS:      Correct. So, and then the chart, this is the Prosper loan after 22. They look like this, Your Honor. Does it look like this?

THE COURT:      Well, it's confusing because it's labeled child support, and then it's talking about loans and banks.

MS. GEORGELAS:      I was going to ask her about that.

Q.      Before we get into all the different documents, this is labeled other child support arrearages, right?

A.      Uh-huh.

Q.      Under your settlement agreement, under the child support provision, is there various different financial obligations that Mr. Marni was required to pay?

A.      Yes.

Q.   So, in your opinion, is this simply another form of child support that's just not a monthly amount?

A.   Yes, with the exception that Prosper loan, Circle bank, and car payment are not part of the child support. But daughter's student parent plus loan, son's college year one loan, daughter's support student loan, daughter's support car are part of that.

Q.   All right. So, if we just, let's just, to avoid confusion, eliminate the cover sheet, the first page.

A.   Okay.

Q.   And go through the different other charts.

THE COURT:   For the record, I'm removing it.

MS. GEORGELAS:   Thank you, Your Honor.

Q.   So, the first one we have is the Prosper loan. And it shows the arrearage starting with the principal on February 1st, 2022, correct?

A.   Yes.

Q.   And have you had an opportunity to review—

A.   Yes.

Q.   The math on this document to show—well, did he make any payments?

A.   No.

Q.   And does this show the updated amount owed to you through November 30th, 2025?

depending on your response, I may overrule or I may sustain the objection.

MR. MARNI:     My objection is, Your Honor—

THE COURT:     No, no. She objected. You need to tell me why I shouldn't sustain her objection.

MR. MARNI:     In this order, no way it overwrites the March 1, 2019 order, Your Honor. The payment allocation.

THE COURT:     Okay. All right. I sustain the objection. You didn't address the objection. You need to ask a different question. Okay.

Q.     Ms. Trdic, you applied for bankruptcy in 2019, right? Did you apply for bankruptcy in 2019?

A.     Yes.

Q.     In your 2019 bankruptcy, did Prosper Loan and Circle Bank were discharged?

A.     Yes, in my bankruptcy.

Q.     So, your bankruptcy was discharged and you continued to collect that amount from me?

A.     My bankruptcy was discharged, which means that I no longer owed to those two institutions. However, under our divorce decree, you owed that to me.

Q.     Okay. So, you agree that those debts were discharged under your bankruptcy?

A.     Under my bankruptcy, to those two

institutions.

Q.      Okay. And your bankruptcy, did you disclose that you had not received the payments for 28 months?

A.      I don't know what you're talking about.

Q.      Your Honor, I don't have a copy. Can I give this copy to her, Your Honor?

THE COURT:      You need to show both counsel first. So, they can review it.

MR. MARNI:      Bankruptcy.

MS. GEORGELAS:      Mm-hmm.

THE COURT:      You can hand it to the bailiff if you want the witness to see it.

MR. MARNI:      I'm sorry, Your Honor.

THE COURT:      You can hand it to the bailiff if you want the witness to see it.

Q.      Okay. Can you please turn to page, the second page here, Ms. Trdic? And there you declare at the bottom—

THE COURT:      All right. Questions, please.

Q.      Yeah. Please turn to the second page. Did you declare in the bankruptcy that you had not received 28 months of payments for the last 28 months starting on February of 2019?

A.      It doesn't give any dates.

Q.      No, when did you file for bankruptcy?

you apply for bankruptcy, the car payments, the credit card payments, and then other things will not be discharged?

A.    My understanding is that, according to the legal advice that I sought, is that anything that's related to the divorce, anything that's related to the support, and the non-support, if it's part of the divorce, is non-dischargeable under Chapter 7.

Q.    That's your understanding?

A.    Yes.

Q.    Okay. So, these credit card payments, they're all support payments? The Passport, Loan, and Circle Bank, are they support payments?

A.    Those are non-support payments, and they are, from you, payable to me as part of the divorce, which are non-dischargeable.

Q.    But, under the federal bankruptcy, all non-credit card payments—

THE COURT:    Do you have a question?

Q.    Okay. Okay. Ms. Trdic, the student loan, you cleared on an April order, a student loan of $31,216.00, is due to daughter Charissa. Now, the student loans are, and the parental loans, are to be paid directly to the Department of Education by me, correct?

A.    Which one are you talking about? I don't know

Tr: 125   Page 7B

involved to enforce.

And then every single time Mr. Marni changes his employer, Ms. Marni (sic.) has to be back here to—Ms. Trdic, sorry, has to file again to get a new income deduction order. It's not as seamless if DCSE is involved and the only way DCSE stays involved is if there's any sort of child support arrearage stuff going.

THE COURT:    All right. All right, I'm going to clear the courtroom. I'm going to sort this all out. Call you when I'm ready to move. I have no idea how long this is going to take, so stand by.

MS. GEORGELAS:    Your Honor, for purposes of transcribing any ruling, may I record?

THE COURT:    You may.

MS. GEORGELAS:    Okay.

(The Court stands in Recess.)

(The Court is back in Session.)

RULING

THE COURT:    I see that Mr. Marni isn't here. Does anybody know? No one's responsible for him, but I'm just curious if anybody has any information.

MS. GEORGELAS:    He left.

THE COURT:    Okay. He—did he say anything to anybody?

MS. PRENTICE:    Yes, he told me that he was

going to the car to take some medicine and then he did not come back. He did send an email to us indicating that he took the medicine and reacted bad and was sent to the emergency room.

MS. GEORGELAS:    Took medicine, not well, going to the ER or doctor.

THE COURT:    Okay. Take that up in a minute. All right. Thanks for your patience. There's a few things to think about here.

So let me just, I'm going to deal with the calculations first of all. I do find that the exhibit 36, which is the demonstrative exhibit the plaintiff sets out properly the amounts currently owed on the various categories of debts that Mr. Marni has pursuant to previous orders of this Court and that the interest amounts are proper as well.

So the Court adopts basically the demonstrative exhibit 36 regarding the request to determine what's owed there. Regarding support, I am going to find the amounts as calculated by Ms. Georgelas on behalf of Ms. Trdic to be the proper arrearage amounts at this time.

The spousal support arrearage is $441,185.70. The child support amount is arrearage is $63,493.88. I accept this calculation as opposed to DCSEs because one it's up to date and includes all interest that's properly applied

to date. It is accurate given the formula used by Ms. Trdic and applying past payments of arrears 50-50 against the child support and spousal support arrearages.

It's the one request by Ms. Trdic. And in fact, it favors Mr. Marni at least in one way, the total amount of arrears compared to the DCSE amount which is higher by at least $7,000.00 even without the application of the uncalculated amount of interest on support for November and December.

So I'm adopting Ms. Trdic's calculations and the child support arrears and the spousal support payments and the spousal support arrears are ordered to be paid through DCSE.

I am not, however, directing DCSE to administer their payments toward arrearages outside of their administrative processes. I certainly understand why Ms. Trdic wants that, but it's not the Court's place to change the mission of the DCSE Division of Child Support Enforcement into the Department of Spousal Support Enforcement.

In the Court's view, the department's resources would not properly be dispensed for monitoring spousal support solely.

I find that interest on the unpaid support amounts is 6% annually, which is the Virginia judgment rate. I do

reiterate the passport order that Mr. Marni is directed to surrender forthwith to the clerk of the Court, his U.S. passport, and to take no action or direct anyone to take any action on his behalf to have any new or replacement passport issued.

On the issue of contempt, actually, the passport issue is part of the contempt proceeding.

The Court does find Mr. Marni in contempt for failure to pay the spousal support as alleged in the rule, for failure to maintain the life insurance, one-million-dollar policy without lapse and for failure to provide medical, dental and vision health coverage insurance for Ms. Trdic, as alleged in the rule to show cause and as previously ordered by this Court.

On the issue of willfulness, I recognize that it is Mr. Marni's position that he can't pay. You'll see in a moment, that's something that I think is yet to be established. But further, there's this case, which is good law according to my research, Leisge vs. Leisge, L-E-I-S-G-E, 224 Va.303 and pertinent part on page 308 to 309.

The sanctity and enforceability of a civil judgment should not hinge upon the mental state of an unsuccessful litigant. The absence of willfulness does not relieve from civil contempt.

Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the Court or to compensate for losses, or damages, sustained by reason of non-compliance. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act or in this case, didn't do the required act.

The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents.

An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derived from more robust sanctions. So the point is in the Court's view, willfulness isn't really the issue.

The issue is that he hasn't paid. To me, the issue of why that hasn't happened goes more to what do we do from here, which is the next part of this.

The Court is setting this case, which I believe is case-01, also for March 11, 2026, also at 9 a.m. for a separate 90-minute hearing.

So the other show cause is set for that date at 9 for 90 minutes. We're basically going to have two 90-minute hearings for a purge plan to be imposed and or imposition of sanctions, which may include incarceration.

provided a full exposition of his financial circumstances. And Mr. Marni is also advised that he may reasonably expect that the Court will award reasonable attorney's fees to Ms. Trdic for work associated with preparation and conduct of the hearing in this case 01 on March 11, 2026.

I do find that it's appropriate upon the entry of the order regarding today's hearing that DCSE be released as a party in this matter, 107389-01. I don't know what's going to happen, but I'm not preemptively saying that DCSE may not be subpoenaed for records or for somebody from there to appear in court. I don't know. But just from the standpoint of DCSE being a party, any further in this matter, they are released.

I'm awarding attorney's fees today on the amount of $3,000.00. And just, Ms. Georgeslas, so you understand how I got there, it's eight hours for today at $375.00 per hour, because I know that for eight hours you've been here dealing with this matter. When I looked at the invoice and the entries, I saw things that are clearly not associated with this case.

For example, I saw entries for motion for default judgment on the counterclaim, which was heard in the middle of October, and then the statement of facts regarding that. That's a separate matter, and I don't

think it's proper to award attorney's fees associated with that in this hearing. So I'm not satisfied that the entries are all pertinent to the rule of show cause or the motion for arrearage determination.

I'm not going to speculate or guess as to exactly what the particular entries actually refer to. And the award of attorney's fees, as many cases will say, in derogation of common law, is strictly construed. So that will be the order of the Court.

I did, because Ms. Georgelas, I had expected to direct you to include these advisements in the order, print out that for you. So at least you won't have to transcribe those advisements that I gave. The Court has been authorized the issuance of a capias for Mr. Marni for his leaving the hearing without good cause being demonstrated.

He should be held until he is brought before this Judge.

MS. GEORGELAS:    Your Honor, I don't need to include the capias language in this order.

THE COURT:    No.

MS. GEORGELAS:    The Court's going to enter their own capias.

THE COURT:    Well, if you would just, in the order, include that I've authorized issuance of a capias.

The clerk will take care of the actual capias. And we will do our best. Obviously, we can never predict when somebody gets picked up. And I think we try to do a good job on these civil capiases to let counsel know that someone's been picked up and we're setting a return on whatever date and time.

And sometimes it just kind of misses. And we may not necessarily know of your availability. But for anybody, whether a criminal or civil capias, we try to take them up on a return at least as soon as they are brought in.

So we'll just kind of see how that goes.

MS. GEORGELAS: He may be flying to California soon, so I'm not sure if the Court is going to enter their capias order before this order is entered.

THE COURT: Yeah. I don't know.

MS. GEORGELAS: Right.

THE COURT: I mean, I just don't want to make any promises as to when it's going to happen. Because the second I promise that something else will jump in my way or the clerk's way, and the promise won't be able to be fulfilled.

I direct you, though, to draft an order consistent with the Court's ruling and just submit that to the clerk. And depending on where things stand, I may or may not direct the need for a hearing.

# EXHIBIT - D

Page 1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Eastern District of Virginia ☐

Case number (if known): _____

Chapter you are filing under:
☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

FILED

2019 FEB 26  P 3:04

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy        12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** | | |

Write the name that is on your government-issued picture identification (for example, your driver's license or passport).

Bring your picture identification to your meeting with the trustee.

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| | **Ksenija** | |
| | First name | First name |
| | | |
| | Middle name | Middle name |
| | **Marni** | |
| | Last name | Last name |
| | | |
| | Suffix (Sr., Jr., II, III) | Suffix (Sr., Jr., II, III) |

**2. All other names you have used in the last 8 years**

Include your married or maiden names.

| | About Debtor 1: | About Debtor 2 |
|---|---|---|
| | **Kasey** | |
| | First name | First name |
| | **Marni** | |
| | Middle name | Middle name |
| | Last name | Last name |
| | **Ksenija** | |
| | First name | First name |
| | **T.** | |
| | Middle name | Middle name |
| | **Marni** | |
| | Last name | Last name |

**3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx – xx – 7 5 0 0
OR
9xx – xx – ___ ___ ___ ___

xxx – xx – ___ ___ ___ ___
OR
9xx – xx – ___ ___ ___ ___

Debtor 1    **Ksenija**          **Marni**        Case number *(if known)*_____
First Name    Middle Name      Last Name

# Page 2

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ................................. Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____   $_____0.00
_____   $_____
_____   $_____

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
information about them.... [_____]   $_____0.00

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No
☑ Yes. Give specific
information about them.... [Internet domain: lifestyleassociates.com]   $_____1.00

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No
☑ Yes. Give specific
information about them.... [Real Estate Broker license]   $_____1.00

**Money or property owed to you?**        **Current value of the portion you own?** Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☐ No
☑ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ......................

| Draft 2018 tax return, not yet filed Refund (based on EIC): $447 | Federal: | $ 447.00 |
| | State: | $_____ |
| | Local: | $_____ |

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No
☑ Yes. Give specific information............

| Per divorce, court ordered the support payments. Ex-spouse was incarcerated, has no job. He hasn't paid support payments for 28 months. | Alimony: | $ 118,227.00 |
| | Maintenance: | $ 38,933.00 |
| | Support: | $ 52,433.00 |
| | Divorce settlement: | $ 12,577.00 |
| | Property settlement: | $_____ |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information............. [_____]   $_____0.00

| Debtor 1 | Ksenija | | Marni | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Page 3**

| **Part 2:** | **Additional Page** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **Wedding & Eng ring**<br>Line from *Schedule A/B:* 12 | $ 1,200.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | CV § 34-26(1)(a) |
| Brief description: **Retirement accounts**<br>Line from *Schedule A/B:* 21 | $ 12,089.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522, CV 34-34 VA law exemption per Federal law |
| Brief description: **Tax Refund EIC**<br>Line from *Schedule A/B:* 28 | $ 447.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | CV § 34-26 (9)<br>§32 of IRS Code of 1986 amended |
| Brief description: **Unpaid Famly Supprt**<br>Line from *Schedule A/B:* 29 | $ 170,660.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | CV § 34-26 (10) |
| Brief description: **Equipment for biz**<br>Line from *Schedule A/B:* 39 | $ 500.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | CV § 34-26 (7) |
| Brief description: **Household Furnishing**<br>Line from *Schedule A/B:* 6 | $ 1,200.00 | ☑ $ 1,200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CV § 34-26(4)(a) |
| Brief description: **Firearms**<br>Line from *Schedule A/B:* 10 | $ 800.00 | ☑ $ 800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CV § 34-26(4)(b) |
| Brief description: **Car 2007 MB SL550**<br>Line from *Schedule A/B:* 3 | $ 1.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | CV § 34-26(8) |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

Official Form 106C                    Schedule C: The Property You Claim as Exempt                    page 2 of 2

Debtor 1    **Ksenija**      **Marni**

First Name    Middle Name    Last Name

Case number (if known)_____

# Page 4

**Part 2:**    **Your NONPRIORITY Unsecured Claims — Continuation Page**

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

## 4/7

**Discover Financial Services**

Nonpriority Creditor's Name

**PO BOX 71084**

Number    Street

**Charlotte**      **NC**      **28272**

City      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number   6   5   6   9     $ 4,322.00

**When was the debt incurred?**   07/01/2016

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Credit Card

## 4/8

**Mohela/Dept of Ed**

Nonpriority Creditor's Name

**633 Spirit Dr**

Number    Street

**Chesterfield**      **MO**      **63005**

City      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number   2   1   0   7     $ 37,421.00

**When was the debt incurred?**   11/15/2018

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☑ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

## 4/9

**Navy FCU**

Nonpriority Creditor's Name

**PO Box 3500**

Number    Street

**Merrifield**      **VA**      **22119**

City      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

$ 17,541.00

Last 4 digits of account number   2   7   4   2

**When was the debt incurred?**   08/01/2016

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   Credit Card

Official Form 106E/F      Schedule E/F: Creditors Who Have Unsecured Claims     

| Debtor 1 | Ksenija | | Marni | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

Case number (if known)_____

# Page 5

## Part 2: Your NONPRIORITY Unsecured Claims — Continuation Page

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

**Total claim**

### 4.13

**Prosper Marketplace**
Nonpriority Creditor's Name

**221 Main Street, Suite 300**
Number        Street

**San Francisco**    **CA**    **94105**
City            State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  4  0  4  5    $ 5,455.00

When was the debt incurred?  01/01/2016

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Consumer Loan

### 4.14

**Synchrony/Value City**
Nonpriority Creditor's Name

**PO Box 960061**
Number        Street

**Orlando**    **FL**    **32896**
City            State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  9  7  0  3    $ 1,404.00

When was the debt incurred?  07/01/2017

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Consumer Credit

### 4.15

**TD Bank**
Nonpriority Creditor's Name

**PO Box 100290**
Number        Street

**Columbia**    **SC**    **29202**
City            State    ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

$ 7,154.00

Last 4 digits of account number  7  4  7  2

When was the debt incurred?  01/01/2016

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

Debtor 1 **Ksenija** **Marni**
First Name   Middle Name   Last Name

Case number (if known)_____

# Page 6

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
| --- | --- |

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.

Total claim

## 4.16 MarketPlace Loan Trust
Nonpriority Creditor's Name

PO Box 1719
Number       Street

Portland                 OR        97207
City                      State     ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  8  0  3  8       $ 14,853.00

**When was the debt incurred?**  01/01/2016

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **Consumer Loan**

---

## 4.17 PayPal Credit
Nonpriority Creditor's Name

PO Box 71202
Number       Street

Charlotte                NC        28272
City                      State     ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  6  9  1  1       $  929.00

**When was the debt incurred?**  4/1/2018

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **Consumer Credit**

---

## 4.18 PNC Bank
Nonpriority Creditor's Name

2730 Liberty Ave
Number       Street

Pittsburgh               PA        15222
City                      State     ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number  7  8  5  6       $ 130,000

**When was the debt incurred?**  01/01/2005

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **Mortgage/2nd Lien/Short sale**

---

# EXHIBIT - E

**Page 1**

United States Bankruptcy Court
District of Nevada

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 07/02/2020 at 11:02 AM and filed on 07/02/2020.

**RAJ MARNI**
10863 VISTA MARBELLA AVE.
LAS VEGAS, NV 89144
SSN / ITIN: xxx-xx-3967



The case was filed by the debtor's attorney:

**GEORGE HAINES**
FREEDOM LAW FIRM, LLC
8985 S. EASTERN AVE., STE 350
LAS VEGAS, NV 89123
(702) 880-5554

The case was assigned case number 20-13238.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.nvb.uscourts.gov or at the Clerk's Office, 300 Las Vegas Blvd., South, Las Vegas, NV 89101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Mary A. Schott**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
|---|
| Transaction Receipt |
| 07/02/2020 11:04:41 |

| PACER Login: | GeorgeHaines:2841076:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 20-13238 |
| Billable Pages: | 1 | Cost: | 0.10 |

Page 2

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **RAJ MARNI** | | Social Security number or ITIN | **xxx-xx-3967** |
| | First Name   Middle Name   Last Name | | EIN   _ _ - _ _ _ _ _ _ _ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN   _ _ _ _ | |
| | | | EIN   _ _ - _ _ _ _ _ _ _ | |
| United States Bankruptcy Court   **District of Nevada** | | | Date case filed in chapter  **13** | **7/2/20** |
| Case number:   **20-13238-mkn** | | | Date case converted to chapter  **7** | **9/29/20** |

## Official Form 309B (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case -- Proof of Claim Deadline Set

12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | RAJ MARNI | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 10863 VISTA MARBELLA AVE. LAS VEGAS, NV 89144 | |
| 4. | **Debtor's attorney** Name and address | GEORGE HAINES FREEDOM LAW FIRM, LLC 8985 S. EASTERN AVE., STE 350 LAS VEGAS, NV 89123 | Contact phone (702) 880-5554  Email: ghaines@hainesandkrieger.com |
| 5. | **Bankruptcy trustee** Name and address | BRIAN D. SHAPIRO 510 S. 8TH STREET LAS VEGAS, NV 89101 | Contact phone (702) 386-8600 |

For more information, see page 2 >

Debtor **RAJ MARNI**                                                 Case number **20-13238-mkn**

| 6. **Bankruptcy clerk's office** | 300 Las Vegas Blvd., South<br>Las Vegas, NV 89101 | Office Hours: 9:00 AM – 4:00 PM |
|---|---|---|
| Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | | Contact phone: (702) 527-7000<br><br>Date: 9/30/20 |
| 7. **Meeting of creditors** | October 26, 2020 at 01:00 PM | ***BY TELEPHONE*** |
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Trustee: BRIAN D. SHAPIRO<br>Call-in Number: 877-922-9970<br>Passcode: 9553026# |
| 8. **Presumption of abuse** | The presumption of abuse does not arise. | |
| If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | | |

| 9. **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 12/28/20** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4) or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 12/8/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 3/28/21** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 10. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 11. **Liquidation of the debtor's property and payment of creditors' claims** | The bankruptcy trustee listed on the front of this notice will collect and sell the debtor's property that is not exempt. If the trustee can collect enough money, creditors may be paid some or all of the debts owed to them in the order specified by the Bankruptcy Code. To ensure you receive any share of that money, you must file a proof of claim as described above. | |
| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309B (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case -- Proof of Claim Deadline Set**                    page **2**

Case 20-13238-mkn    Doc 1    Entered 07/03/20 11:02:29    Page 8 of 25
Case 26-01002-mkn    Doc 47    Entered 05/19/26 15:30:26    Page 84 of 86

Page 4

Raj Marni
10863 Vista Marbella Ave.
Las Vegas, NV 89144

George Haines, Esq.
Freedom Law Firm, LLC
8985 S. Eastern Avenue
Suite 350
Las Vegas, NV 89123

Ksenija Trdic F/k/a Ksenija Marni
43266 Baltusrol Terrace
Ashburn, VA 20147

American Express
Acct No xxxxxx xxxx xx9992
Po Box 297871
Fort Lauderdale, FL 33329

American Express
Acct No xxxxxx xxxx xx9992
Po Box 297871
Fort Lauderdale, FL 33329

American Express National Bank
C/o Zwicker & Associates, P.c.
948 Clopper Road, 2Nd Floor
Gaithersburg, MD 20878

AmeriCredit/GM Financial
Acct No xxxxx9251
Attn: Bankruptcy
Po Box 183853
Arlington, TX 76096

AmeriCredit/GM Financial
Acct No xxxxx9251
Po Box 181145
Arlington, TX 76096

Amex
Acct No xxxxxxxxxxx6353
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998

Amex
Acct No xxxxxxxxxxx1913
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **RAJ MARNI** | | Social Security number or ITIN   **xxx-xx-3967** |
| | First Name   Middle Name   Last Name | | EIN   _ _ - _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN   _ _ _ _ |
| | | | EIN   _ _ - _ _ _ _ _ _ _ |

United States Bankruptcy Court   **District of Nevada**

Case number:   **20-13238-mkn**

**Page 5**

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

RAJ MARNI

12/29/20

**By the court:**        Mary A. Schott
                         Clerk of Court

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**